John S. Biernacki and Alice E. Biernacki, his wife
*v.* Redevelopment Authority of The City of Wilkes-
Barre, Appellant.

Argued October 5, 1977, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
ROGERS and BLATT.

*Hugh F. Mundy,* with him *Donald D. McFadden,* and *Flanagan, Doran, Biscontini & Shaffer,* for appellant.

*Gifford Cappellini,* with him *Bernard J. Hendrzak,* for appellees.

OPINION BY JUDGE ROGERS, December 1, 1977:

As part of the Wilkes-Barre Downtown Urban Renewal Project (Project), the Redevelopment Authority of the City of Wilkes-Barre in April 1974 filed a declaration of the taking of a property located at 98 South Franklin Street owned by John Biernacki and Alice, his wife. The Biernackis appealed an award made by a board of view and a traverse jury returned a verdict in their favor in the amount of $75,000. This amount was paid by the Authority, and the judgment entered on the verdict was satisfied of record on May 21, 1975.

Original plans for the Downtown Renewal Project proposed the demolition of the building at 98 South Franklin Street so that an adjoining public road might be widened. The Authority determined in June 1975 that the road could be widened without demolishing the building at 98 South Franklin Street. It selected the owner of the adjacent property at 96 South Franklin, Hart Realty Co., Inc., as a special accommodations redeveloper to improve both its own property and, to a greater extent, 98 South Franklin. City council approved a redevelopment contract between the Authority and Hart Realty. *See* Section 10(j) of the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1710(j). The Authority conveyed

98 South Franklin to the Hart Realty Co., Inc. on November 3, 1975.

The Biernackis learned that 98 South Franklin was not to be razed, and on March 18, 1976 filed a petition for rule to show cause why 98 South Franklin Street should not be reconveyed to them pursuant to Section 410 of the Eminent Domain Code,[1] which provides:

> If a condemnor has condemned a fee and thereafter abandons the purpose for which the property has been condemned, the condemnor may dispose of it by sale or otherwise: Provided, however, That if the property has not been substantially improved, it may not be disposed of within three years after condemnation without first being offered to the condemnee at the same price paid to the condemnee by the condemnor. The condemnee shall be served with notice of the offer in the same manner as prescribed for the service of notices in subsection (b) of section 405 of this act, and shall have ninety days after receipt of such notice to make written acceptance thereof.

The court below granted the rule to show cause and after hearings in May, June and July 1976, filed an opinion and an order requiring the Authority to "revoke" the condemnation proceedings against 98 South Franklin and to "revest title" in the Biernackis.[2] The

---

[1] Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-410.

[2] On the merits, the court below concluded that the purpose of the condemnation of 98 South Franklin Street was to accomplish its demolition. The property is located in the project area; the area has been certified to be blighted; the declaration of taking states the purpose of the condemnation as that of acquiring and replanning the blighted area; and as noted in the body of this opinion, the governing body approved the redevelopment contract with Hart Realty, presumably after finding, as Section 10 of the Urban Redevelopment Law requires, that the contract was in substantial

Authority has appealed this order. We must quash the appeal because the court below was without jurisdiction.

Although Hart Realty Co., Inc. is the owner in fee of 98 Franklin Street, it is not, and never has been a party to these proceedings. The court below dismissed the Authority's objection that an indispensible party was not joined by simply noting that the Pennsylvania Rules of Civil Procedure do not apply to proceedings under the Eminent Domain Code. While it is true that the Rules of Civil Procedure are not applicable in condemnation cases, see *In Re: Condemnation, Croop Estate*, 25 Pa. Commonwealth Ct. 185, 359 A.2d 838 (1976); *Department of Transportation v. Ambrosia*, 24 Pa. Commonwealth Ct. 8, 354 A.2d 257 (1976), the issue of nonjoinder of an indispensible party is not so easily avoided.

No court may grant relief in the absence of an indispensible party. *Tigue v. Basalyga*, 451 Pa. 436, 304 A.2d 119 (1973). An indispensible party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *Tigue, supra; Powell v. Shepard*, 381 Pa. 405, 113 A.2d 261 (1955). As noted, Hart Realty Co., Inc. is, and has been since November 1975, the owner of 98 South Franklin Street. Clearly, the owner of real estate is an indispensible party to proceedings seeking transfer of the title to the property to another and culminating in an order purportedly vesting title in another. It would be difficult to imagine a darker cloud on one's title than that created by the

conformity with the redevelopment proposal theretofore approved. It is also noted that the Authority argues, of course, that the purpose of the condemnation—to eliminate certified blight—was not abandoned by the Authority's decision, made after the condemnation proceedings were completed, to cause 98 South Franklin Street to be rehabilitated rather than demolished.

court's order in this case. An indispensible party not having been joined, the court below was without jurisdiction to grant any relief in this case. *Reifsnyder v. Pittsburgh Outdoor Advertising Company,* 396 Pa. 320, 152 A.2d 894 (1959); *Powell, supra.* The Pennsylvania Rules of Civil Procedure 2226 through 2250 deal with joinder of parties in actions subject to the Rules. They do not say that parties may not be, or where required cannot be, joined in other kinds of proceedings.

We therefore quash this appeal, vacate the order of the court below and dismiss the petition filed below without prejudice.

#### ORDER

AND Now, this 1st day of December, 1977, the instant appeal is quashed, the order of the Court of Common Pleas of Luzerne County, dated September 1, 1976, is vacated and the petition filed below dismissed without prejudice to the appellee's right to institute a new action wherein all indispensible parties are made parties to the proceeding.