**STATE FARM INSURANCE COMPANY As Subrogee of Shawn McGuire, Appellee,**

v.

**Casey BARTON, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 2006.

Filed Aug. 7, 2006.

Bernard J. Hessley, Warren, for appellant.

BEFORE: DEL SOLE, P.J.E., ORIE MELVIN and COLVILLE,* JJ.

OPINION BY DEL SOLE, P.J.E.:

¶ 1 This is an appeal from a trial court order denying Appellant's petition to strike a default judgment. We reverse.

¶ 2 Following a collision between vehicles driven by Appellant and Shawn McGuire, State Farm Insurance Company, as subrogee of its insured McGuire, filed a complaint against Appellant on June 10, 2004. Following timely service of the complaint, Appellant timely filed preliminary objections on July 27, 2004. The preliminary objections were not ruled upon when State Farm served Appellant with an amended complaint on September 2, 2004. The amended complaint was filed a few days later on September 7, 2004. Approximately one year later, on September 12, 2005, Appellant was served with a notice of intention to file a praecipe for default judgment. In response on September 23, 2005, Appellant filed preliminary objections to the amended complaint. A few days later on September 26, 2005, the trial court entered an order scheduling argument on Appellant's preliminary objections to the amended complaint for October 26, 2005. Before the date was reached, State Farm filed a praecipe for default judgment pursuant to Pennsylvania Rule of Civil Procedure 1037(b). The praecipe was filed on September 29, 2005, and a default judgment was entered against Appellant in the amount of $11,512.79 on that same date. Appellant filed a timely motion to strike the default judgment on October 18, 2005. In response, on November 7, 2005, the trial court entered an order striking Appellant's preliminary objections to the

amended complaint and denying his motion to strike the default judgment.

¶ 3 In issuing its ruling the trial court reasoned that the entry of the default judgment was appropriate because Appellant's preliminary objections to the amended complaint were stricken as untimely and thus were a nullity and unable to prevent the entry of the default judgment. It further ruled that Pennsylvania Rule of Civil Procedure 1037(b) does not permit a defendant to file preliminary objections to a complaint following receipt of the ten day notice before entry of a default judgment.

¶ 4 The rules of civil procedure authorize the prothonotary to enter a judgment of default upon receipt of the plaintiff's praecipe when the defendant has failed to file a pleading to the complaint[1] within the required time. Pa.R.C.P. 1037(b). A petition to strike a default judgment is appropriately granted in instances where there is a fatal defect or irregularity that is apparent from the face of the record. *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa.Super.2005). In such instances a prothonotary will be held to have lacked the authority to enter default judgment and the default judgment will be considered void. *See Fountainville Historical Farm Asso. v. County of Bucks*, 340 Pa.Super. 412, 490 A.2d 845, 848 (1985).

¶ 5 In this case a defect to the entry of a default judgment appears on the face of the record. At the time the default judgment was entered preliminary objections to the amended complaint had been filed by Appellant. Furthermore, a hearing regarding the motions had been scheduled

---

* Retired Senior Judge assigned to the Superior Court.

1. The complaint must contain a notice to defend. Pa.R.C.P. 1037(b). The appropriateness of the notice contained in the amended complaint is not at issue in this case.

for a date after the date the default judgment was entered. While the trial court reasoned that Appellant's preliminary objections were filed late and as a result were stricken, thus permitting the entry of the default judgment, in fact, the record reveals that the preliminary objections were not stricken before the default judgment was entered. At that time they were outstanding and awaiting a hearing. The preliminary objections were not ruled on until after the entry of the default judgment and after Appellant sought to have that judgment stricken.

■ ¶ 6 Once a responsive pleading is filed, even if untimely, a default judgment cannot thereafter be entered because the responding party is no longer in default. *Vision Service Plan v. Pennsylvania AFSCME Health & Welfare Fund,* 326 Pa.Super. 474, 474 A.2d 339, 341 (1984). Preliminary objections constitute a pleading. *See* Pa.R.C.P. 1017(a). Accordingly, a defendant's filing of preliminary objections would inhibit the subsequent entry of a valid default judgment. *See Vision Service Plan v. Pennsylvania AFSCME Health & Welfare Fund,* 326 Pa.Super. 474, 474 A.2d 339, 342 (1984).

¶ 7 Accordingly we find that the prothonotary's entry of a default judgment in this matter was in error where preliminary objections had been filed of record by the defendant in the matter. Correspondingly, the trial court erred in rejecting Appellant's motion to strike the default judgment.

¶ 8 Order reversed. Case remanded. Jurisdiction relinquished.