PHILADELPHIA FIREFIGHTERS' UNION, LOCAL 22, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL–CIO by its guardian ad litem William GAULT, President, Tim McShea, Vice President, Kelvin Fong, Vice President, and Fire Lieutenant Andrew Thomas

v.

CITY OF PHILADELPHIA, Mayor Michael A. Nutter, Richard Negrin, Lloyd Ayers, Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 23, 2013.

Decided Sept. 18, 2013.

Reconsideration Denied Nov. 18, 2013.

Elise Bruhl, Deputy City Solicitor, Philadelphia, for appellants.

John R. Bielski, Philadelphia, for appellees.

BEFORE: PELLEGRINI, President Judge, SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge PELLEGRINI.

The City of Philadelphia (Philadelphia), Mayor Michael A. Nutter, Richard Negrin and Lloyd Ayers (collectively, City) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) granting peremptory judgment in mandamus to Philadelphia Firefighters Union, Local 22, and its officers (collectively, Union) and requiring the City to promote employees from promotional lists for Fire Captain and Fire Lieutenant into all "budgeted vacancies" prior to May 25, 2013. For the reasons that follow, we reverse the trial court.

Philadelphia and the Union are parties to a collective bargaining agreement (CBA) derived pursuant to the act commonly known as Act 111,[1] and a series of interest arbitration awards [2] which govern

---

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10.

2. In 2009, Philadelphia and the Union were unable to reach an agreement on the terms of a new CBA following the expiration of the previous agreement, and proceeded to inter- est arbitration pursuant to Section 4 of Act 111, 43 P.S. § 217.4. After several hearings, the arbitration panel issued a four-year award covering the period of July 1, 2009 through June 30, 2013 (2010 Award). Philadelphia appealed the 2010 Award to the trial court, and after mutual agreement of the parties, the

the wages, hours and working conditions of Philadelphia firefighters and paramedics. Union members are also subject to Philadelphia's Civil Service Regulations which set forth procedures for hiring and promotion.[3] Pursuant to the Civil Service Regulations, promotions occur from a "promotional list" of eligible candidates. *See* Civil Service Regulations 2.39, 10.013, 11.023. Eligible employees receive their rank on the promotional list based on test scores from a promotional examination and a number of other factors. A promotional list remains in force for at least one year from its inception, but for no more than two years. *See* Civil Service Regulation 10.071.

On May 25, 2011, the City certified promotional lists for the positions of Fire Captain and Fire Lieutenant. Pursuant to the Civil Service Regulations, the promotional lists would remain in force until May 24, 2013, at 11:59 p.m., two years from the date they were established. The City subsequently promoted 35 employees into the position of Fire Captain and 78 employees into the position of Fire Lieutenant from the promotional lists.

On May 3, 2013, City Council held a hearing to address the City's failure to promote individuals from the promotional lists to fill vacancies in the Fire Department that had already been budgeted. At the hearing, Michael Resnick (Resnick), the Director of Public Safety, testified that there were budgeted uniform vacancies for the ranks of Fire Captain and Fire Lieu-tenant, but the City chose not to promote any additional persons from the current promotional lists to fill those vacancies. Resnick further testified that the City administered new examinations for the positions of Fire Captain and Fire Lieutenant and was in the process of creating new promotional lists for those positions from which it would make promotional decisions. Resnick stated that the City wanted to let the current promotional list expire because several promotions had already been made from the list and, therefore, the remaining promotions would have to be made from the bottom of the list. Resnick indicated that the City would rather fill vacancies and promote individuals from the top of a new list.

Following the hearing, Lloyd Ayers, Philadelphia Fire Commissioner, confirmed by letter dated May 8, 2013, that as of May 18, 2013, there were 6 budgeted vacancies for the position of Fire Captain and 11 budgeted vacancies for the position of Fire Lieutenant.

On May 13, 2013, the Union requested that the City promote 17 individuals on the promotional list to the vacant Fire Captain and Fire Lieutenant positions prior to the May 24, 2013 expiration of those promotional lists. After the City denied that request, the Union filed a grievance alleging that the City breached the CBA and interest arbitration award. The Union also filed an action in the trial court requesting that the court enter a preliminary injunction or a peremptory

---

trial court vacated the 2010 Award and remanded the matter to the arbitration panel. On July 2, 2012, the arbitration panel issued a second award (2012 Award). Philadelphia appealed the 2012 Award to the trial court, which denied its petition to vacate and affirmed the 2012 Award. Philadelphia then appealed to this Court. That appeal, at No. 2331 C.D. 2012, has been discontinued.

3. Philadelphia's Home Rule Charter provides for the creation and drafting of Civil Service Regulations by the Personnel Director. Philadelphia Home Rule Charter § 7–400. Section 7–300 of the Home Rule Charter provides, in relevant part, that "[a]ll appointments and promotions to positions in the civil service shall be made in accordance with the civil service regulations."

judgment in mandamus[4] either: (1) temporarily enjoining the City from treating the current promotional list as no longer in force as of May 24, 2013, pending the outcome of the grievance; or (2) directing the City to promote its members on the current promotional list to the vacant Fire Captain and Fire Lieutenant positions prior to May 25, 2013, or, alternatively, prior to promoting individuals on any future promotional lists to those positions.

 After hearing oral argument on the Union's complaint, the trial court entered an order directing the City to fill the budgeted vacancies in the positions of Fire Captain and Fire Lieutenant prior to May 25, 2013, when the current list was set to expire.[5] In its subsequent Opinion, applying provisions of the Philadelphia Home Rule Charter and Civil Service Regulations, the trial court held that "vacancies must be filled by promotion at the first opportunity possible, and not whenever most convenient to the officers charged with carrying out the civil service regulations. . . . If it is possible, indeed where it is not impossible, to fill vacancies, the City must do so under the Home Rule Charter." (Trial Court's June 27, 2013 Opinion, Conclusions of Law Nos. 20 and 21). The trial court further explained that while the City has limited discretion to reject an eligible person for a promotion, the City does not "have discretion to fill vacancies from an eligible list, halt promotions, establish a new list, and then attempt to promote from the new list once the old list expires." (Conclusion of Law No. 25). Because the trial court held that Philadelphia has a mandatory duty to fill vacancies from the promotional lists in accordance with the Home Rule Charter and Civil Service Regulations,[6] and that the Union has no other adequate remedy to resolve the issue, it concluded that mandamus relief was appropriate. This appeal followed.[7,8]

---

4. Mandamus is an extraordinary remedy designed to compel the performance of a ministerial act or a mandatory duty. *Orange Stones Co. v. City of Reading, Zoning Hearing Board*, 32 A.3d 287, 290 (Pa.Cmwlth.2011). Mandamus may only be granted where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other appropriate and adequate remedy. *Id.* Mandamus will not issue unless the right of the petitioner is clear and specific; it can never be invoked in a doubtful case. *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413, 418 (Pa.Cmwlth.2006), *aff'd*, 592 Pa. 304, 924 A.2d 1203 (2007). Peremptory mandamus may be filed at any time after the filing of a petition for review, if the right of the movant thereto is clear. *County of Carbon v. Panther Valley School District*, 61 A.3d 326, 330 (Pa.Cmwlth.2013), *appeal denied*, —— Pa. ——, 70 A.3d 812 (2013). Peremptory mandamus can be entered only in the clearest of cases where there is not the slightest doubt as to the absence of an issue of material fact. *Id.* at 330–31. On appeal, the facts are viewed in the light most favorable to the non-moving party. *Id.* at 331.

5. The trial court subsequently amended its order to state that the City is not entitled to an automatic supersedeas in the event that an appeal is filed.

6. The trial court recognized that neither the 2010 Award nor the 2012 Award included terms about promotional lists or promotions. *See* Trial Court's June 27, 2013 Opinion at 10, n.3–4.

7. The City also filed a motion for reconsideration of the trial court's order, which the trial court denied on May 28, 2013, as well as an Emergency Application to Reinstate Automatic Supersedeas, which this Court denied on May 24, 2013.

8. Our scope of review in a mandamus action is limited to determining whether the trial court abused its discretion or committed an error of law, or whether sufficient evidence exists to support the trial court's findings. *County of Carbon*, 61 A.3d at 331 n. 3. As to

On appeal, the City argues that the trial court erred because neither the Home Rule Charter nor its Civil Service Regulations require vacancies to be filled *immediately* by promotion, but rather, merely mandate that when vacancies are being filled, they should be filled by promotion as opposed to by outside hiring. Moreover, the City argues that under the Civil Service Regulations, the Fire Commissioner has the discretion to decide whether or when to promote candidates and, therefore, the promotion process does not involve a ministerial act or duty.

Section 7–401(e) of Philadelphia's Home Rule Charter provides, in relevant part, that "[v]acancies shall be filled by promotion whenever possible, and promotion shall be on a competitive basis except where the Personnel Director with the approval of the Civil Service Commission finds that competition is impracticable." Moreover, Civil Service Regulation 9.021 provides, "[u]nless vacancies are filled by demotion, transfer, reinstatement, or by certification from a layoff list, they shall be filled so far as practicable by the promotion of permanent employees of the Civil Service." Finally, Civil Service Regulation 10.071 provides, in relevant part, that "[w]hen a more recent list has been established for a class, the Director may determine that a previous non-continuous or periodic list for that class, which is more than one year old, shall be canceled and replaced by the more recently established list."

While the trial court interpreted the above sections to mean that the City must promote a civil service employee on an active promotional list immediately upon the creation of a vacancy, and that the City is prohibited from waiting to fill vacant positions from a future promotional list in favor of promoting those on an active promotional list, we find those regulations to only mean that promotion from the promotional list is the required *method* for filling vacancies (barring the exceptions in Civil Service Regulation 9.021), not to mean that promotion from the promotional list is required when a position becomes vacant. The regulations merely address the *manner* of filling vacancies, not whether to fill vacancies in the first place. Moreover, nothing in the regulations prevents the City from letting an old list expire so that it can promote individuals off a new list.

The Civil Service Regulations demonstrate that the Fire Commissioner has discretion in promoting employees and filling vacancies. For instance, Civil Service Regulation 11.04 provides, in relevant part:

> **If an appointing authority desires at one time to fill more than one vacancy** from the same eligible list, he or she shall include in the requisition, a written statement of the number of vacancies to be filled.

(Emphasis added). Moreover, Civil Service Regulation 10.022 provides, in relevant part, that "[e]ligible candidates **may be certified** and appointed at any time after the list has been established until the list expires or is exhausted or cancelled." (Emphasis added). These regulations do not give employees on a promotional list an absolute right to be promoted to fill a vacancy as long as the promotional list is still in force; rather, they indicate that the decision to promote an employee or fill a vacancy is within the discretion of the Fire Commissioner.[9]

questions of law, our scope of review is plenary. *Id.* Our standard of review of a trial court's grant of mandamus is de novo. *Id.*

9. The City also argues that the trial court erred in granting the Union mandamus relief that it failed to obtain in the collective bargaining process. The record indicates that in

■■■■ While the Fire Commissioner is required to make all promotions in accordance with the Civil Service Regulations, the regulations clearly allow the Fire Commissioner to exercise discretion in making promotional decisions, including the timing of those promotions. Because there is no right of Union members on a promotional list to be promoted, and the promotion of those individuals is not a ministerial act,[10] the trial court erred in granting mandamus relief.

Accordingly, the order of the trial court is reversed, and the matter is remanded to the trial court to dismiss the Union's Complaint.

### ORDER

AND NOW, this *18th* day of *September*, 2013, the order of the Court of Common Pleas of Philadelphia County, dated May 14, 2013, at May Term, 2013 No. 01039, is reversed. The matter is remanded to the trial court to dismiss the Philadelphia Firefighters Union, Local 22's Complaint.

Jurisdiction relinquished.

2010, during its interest arbitration process with Philadelphia, the Union submitted a proposal containing the following term:

The Fire Department will fill all promotional vacancies within 60 days of the vacancy. In cases where vacancies arise within 60 days of expiration of an active promotional eligible list, the Fire Department will fill such vacancies before expiration of the list. (Reproduced Record at 103a). The City contends that because neither the 2010 Award nor the 2012 Award contained such a mandatory promotion provision, the trial court should not have granted such relief. However, given our holding that the Home Rule Charter and Civil Service Regulations clearly do not mandate promotions of employees on an active promotional list, we need not address this issue.

10. "A ministerial act is one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority." *County of Allegheny Deputy Sheriff's Association v. County of Allegheny*, 730 A.2d 1065, 1067–68 (Pa.Cmwlth.), *appeal denied*, 560 Pa. 711, 743 A.2d 923 (1999). A ministerial duty exists where an official has no discretion in whether or not to perform a certain act. *See Shroyer v. Thomas*, 368 Pa. 70, 75, 81 A.2d 435, 437 (1951) ("The duties of the County Board of Elections are purely ministerial. They are prescribed by the Election Code. [Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3591.] They are given no discretion.")