# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Buonarroti Trust | : | |
| | : | |
| v. | : | No. 1637 C.D. 2014 |
| | : | Argued: June 15, 2015 |
| City of Harrisburg Department of | : | |
| Building and Housing Development, | : | |
| Bureau of Codes Enforcement, | : | |
| Appellant | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: July 31, 2015**

In this mandamus action involving the condemnation of adjoining row-houses, the City of Harrisburg, Department of Building and Housing Development, Bureau of Codes Enforcement (the City) appeals from an order of the Court of Common Pleas of Dauphin County (trial court) granting a writ of mandamus requested by the Buonarroti Trust (the Trust).  In so doing, the trial court ordered the City to issue a notice of condemnation in order to abate all violations of the City's Property Maintenance Code (PMC) which it finds to exist at 636 Hamilton Street (Neighbor's Property).

On appeal, the City contends the trial court erred or abused its discretion in granting the Trust's request for a writ of mandamus following entry of a default judgment where the City's preliminary objections were filed and served by mail prior to the filing of Trust's praecipe for default judgment.  For the reasons

that follow, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. Background

### A. Generally

In December 2009, the Trust purchased an abandoned row-house located at 634 Hamilton Street (Trust Property) in Harrisburg. In 2010, the City issued the Trust a condemnation order with regard to the Trust Property. In October 2010, the Trust, acting through its demolition contractor, applied for a demolition permit. The demolition contractor engaged an engineer to review the work. The engineer issued a recommendation advising that no demolition work be done until the front brick masonry wall of Neighbor's Property was stabilized.

County tax records identify Steven Budd (Neighbor) as the owner of the adjoining property. In January 2011, the Trust sent a letter to Neighbor advising him to stabilize the front wall of his property so demolition of the Trust Property could proceed. However, Neighbor refused to comply with the Trust's request.

In May 2011, the City's Assistant Codes Administrator, Arden T. Emerick (Codes Administrator), issued Neighbor a notice to correct violations, pointing out that the front brick wall was deflected out of plumb, a violation of PMC §§301.2 and 301.3. Also in May 2011, Codes Administrator issued the Trust a citation for failing to comply with the condemnation order for the Trust Property.

Several days later, Codes Administrator made an entry into the City's Codes Enforcement System regarding the notice to correct violations issued to Neighbor's Property. The notation indicated: "PER DIRECTION OF MAYOR THOMPSON NO FURTHER ACTION WILL BE TAKEN ON THIS COMPLAINT BY THE BUREAU OF CODE ENFORCEMENT." See Compl. in Mandamus, Ex. C; Reproduced Record (R.R.) at 30a.

In August 2011, the Trust obtained a report from B. David Larson (Trust Engineer), the Director of Structural Engineering for Raudenbush Engineering, Inc. Trust Engineer's report concluded that the demolition of the Trust Property cannot proceed unless the front wall of Neighbor's Property is stabilized.

Thereafter, the Trust appealed the May 2011 citation and proceeded to trial before a magisterial district judge. The Trust then sent a letter to the City asking that it take immediate action with regard to the notice to correct violations of Neighbor's Property in order for the demolition of the Trust Property to proceed.

In June 2013, Trustee Ralph Vartan and Trust Engineer met with Codes Administrator at the Trust Property in an attempt to reach an understanding regarding the Trust's inability to comply with the City's condemnation order due to the instability of the front masonry wall of Neighbor's Property. Nonetheless, in October 2013, the City notified the Trust by letter that it intended to proceed with enforcement of the condemnation order for the Trust Property. Noting the

3

imminent danger of collapse, the City directed the Trust to provide stabilization for the adjoining Neighbor's Property in order to allow for safe demolition of the Trust Property.

In January 2014, Codes Administrator again issued the Trust a citation for failing to comply with the condemnation order for the Trust Property. The Trust timely appealed the citation. In addition, Trust Engineer issued a second and more comprehensive structural engineering report regarding the effect of the condition of Neighbor's Property with regard to the Trust's ability to demolish the Trust Property. Trust Engineer's report, dated January 28, 2014, concluded:

> **Based on these reports [Neighbor's Property's] wall in its current condition is extremely over-stressed and therefore [Neighbor's Property] is to be considered unsafe for occupancy. The property should be vacated and remain unoccupied until the floor and roof structures are temporarily shored and the front wall demolished and reconstructed**.
> ….
> [Raudenbush Engineering Inc.] reiterates our professional opinion that the bowing of the front walls of both [the Trust Property] and [Neighbor's Property] is due to inadequate original construction and not due to lack of maintenance of [the Trust Property].

Compl. in Mandamus at ¶24; R.R. at 12a (bolding and underlining in original). Nevertheless, the City responded by again directing the Trust to proceed with demolition of the Trust Property. In addition, the City took no action to enforce the notice to correct violations pending against Neighbor's Property.

4

In February 2014, Codes Administrator informed the Trust that the notice to correct violations issued to Neighbor's Property remained active. The Trust then requested that the City enforce the notice to correct violations. On March 2014, the Trust again requested that the City enforce the notice. The City, however, took no action.

## B. Mandamus Action; Preliminary Objections

On March 12, 2014, the Trust filed a complaint in mandamus asking the trial court to compel the City to issue an order of condemnation for Neighbor's Property. In the alternative, the Trust asked the trial court to order the appropriate proceedings to enforce the notice to correct violations issued to Neighbor's Property. The county sheriff's office personally served the original process complaint on the City on March 17, 2014.

The 20-day period to file a responsive pleading expired on April 9, 2014. The City, however, failed to file a response. On that day, the Trust served the required 10-day notice on the City informing it of its intent to file a default judgment. On April 22, 2014, the Trust filed a praecipe for a default judgment. The same day, the trial court's prothonotary entered a default judgment in favor of the Trust.

Meanwhile, on the day before, April 21, 2014, the City filed preliminary objections to the Trust's complaint in mandamus. In response, the Trust filed and served preliminary objections to the City's preliminary objections.

On July 1, 2014, the Trust filed a motion for entry of a writ of mandamus. The City filed a timely response opposing the motion. In its initial response, the City asserted that it filed preliminary objections before the default judgment was entered; consequently, the default judgment in mandamus was improperly entered. In addition, the City noted that there are related pending proceedings concerning the Trust Property and Neighbor's Property. In particular, there are two summary appeals by the Trust from the findings of guilt on the citations issued for failing to demolish the Trust Property. The Trust's summary appeals were the subject of a pending status conference. See Commonwealth v. Vartan, (C.P Dauphin, No. 66-SA-2014) (order scheduling a status conference for October 7, 2014); R.R. at 377a.

In the City's subsequent filings challenging the default judgment, it asserted that there is a long-pending civil action between Neighbor and the Trust. See Steven Budd v. Buonarroti Trust, (C.P. Dauphin, No. 2011-CV-7747) (docket entries); R.R. at 379a-80a. The City contended the Trust filed the mandamus action in order to avoid any preexisting liabilities arising from the other proceedings.

The City further challenged the substantive basis for a condemnation order against Neighbor's Property, pointing out that the record contained no evidence indicating Neighbor's Property is unfit or unsafe for human occupancy. Without such evidence, the City could not condemn a property and force a lawful occupant to leave his home.

6

As a further procedural challenge to the default judgment, the City contended that the mandamus proceeding excluded Neighbor, thereby denying him any opportunity to present evidence or cross-examine the experts who opined Neighbor's Property is unfit or unsafe for human occupancy. This failure to include all proper and necessary parties also rendered the default judgment in mandamus void.

### C. Opinion and Order Granting Mandamus
### 1. General Prerequisites for Mandamus

Nonetheless, in August 2014, the trial court issued an order granting the writ in mandamus and directing the City to issue a notice of condemnation to abate all PMC violations the City finds at Neighbor's Property. In an accompanying opinion, the trial court noted that mandamus is an extraordinary writ that should only be entered to compel official performance of a ministerial act or a mandatory duty, or to compel action in a matter involving judgment or discretion. Chanceford Aviation Props., L.L.P., v. Chanceford Twp. Bd. of Supervisors, 923 A.2d 1099 (Pa. 2007). The trial court noted that such a writ should only be issued if there is a legal right in the plaintiff, a corresponding duty in the defendant, and the want of any other appropriate or adequate remedy. Id.

However, mandamus may not be used to control the exercise or discretion of an agency in any particular way, or to force an agency to reverse or rescind an action already taken, even if that action was wrong. Pa. Dental Ass'n v. Ins. Dep't, 516 A.2d 647 (Pa. 1986). Further, the writ may not be used to influence or coerce a particular determination of the issue involved; or to perform

the function of an appeal …." Id. at 562. Rather, "[m]andamus is a device that is available in our system to compel a tribunal or administrative agency to act when the tribunal or agency has been 'sitting on its hands.'" Id. (citation omitted).

### 2. Legal Right to Request Mandamus

The trial court first determined the Trust had a legal right to request mandamus against the City, which is statutorily charged with administering and enforcing the PMC. PMC at §§8-107.3, 103.1. The intent and purpose of the PMC is to adopt a modern property maintenance code that will prescribe effective standards and minimum requirements for the safeguarding of buildings and persons in the City, and to protect the public against the hazards of inadequate, defective or unsafe housing. The purpose of the City's Codes Enforcement Bureau is to provide and guarantee this protection. PMC at §8-107.1. Unsafe structures are defined as those dangerous to the safety of the public or occupants because of faulty construction or foundation, dilapidation, or compromised structural integrity. PMC at §§8-107.3, 108.1.

In this case, the City issued a notice to correct violations at Neighbor's Property based on violations arising out of the deflected front exterior masonry wall, which is essentially detached from the rest of the building. Neighbor never abated these violations. The City, however, never enforced the notice to correct violations or prosecuted Neighbor for failure to comply with the notice.

8

The trial court also noted the Trust provided three structural engineering reports stating that Neighbor's Property is unsafe and poses a threat to its occupants and the public. Despite the observations of the Codes Administrator and the opinions of Trust Engineer, Neighbor took no action to correct the violations.

Thus, the trial court reasoned, the existence of an inadequate, defective and unsafe structure on the Neighbor's Property gives the Trust a clear right to seek the protection provided in the PMC. As such, the trial court found the Trust legally entitled to request a writ of mandamus directing the City to provide such protection, thereby allowing the demolition of the Trust Property.

### 3. Corresponding Administrative Duty

The trial court further found the City is legally obligated to administer and enforce the PMC. To that end, Codes Administrator has the duty to issue all necessary notices to ensure compliance with the PMC. However, following Mayor Thompson's intervention, the City took no further action to enforce the notice to correct the violations issued to Neighbor's Property. Thus, the trial court reasoned, the City breached its administrative duty to institute the appropriate proceedings to abate such violations and ensure compliance with the PMC. See PMC §§8-107.3, 103.1, 106.3.

In addition, the trial court noted the Trust provided the City with multiple engineering reports indicating Neighbor's Property is unsafe for occupancy and should be vacated until the front wall is stabilized. Copies of these

9

reports were also provided to Neighbor. Nonetheless, the City failed to inspect Neighbor's Property to verify the findings of the engineering reports, a violation of PMC §§8107.3, 108.1. Ultimately, the trial court reasoned, even though the City enjoys the discretion to accept or reject the engineering reports, the City is required to enforce a notice to correct violations after it is issued. To that end, the trial court stated:

> Whether [the City] will enforce the PMC or allow violations to exist without enforcement or penalty, is not a choice left to [the City's] discretion. Instead [the City] is required to take action when necessary to protect the people of Harrisburg from hazardous and unsafe buildings. Additionally, [the City] does not have the discretionary power to determine which property owners they [sic] enforce the PMC against. It has a duty to enforce the regulations and requirements of the PMC uniformly against every building in Harrisburg, regardless of the owner.

Tr. Ct., Slip. Op., 8/15/14, at 9 (emphasis added).

### 4. Lack of Other Appropriate or Adequate Remedy

The trial court further determined the Trust had no other adequate remedy to address the notice to correct violations issued to Neighbor's Property. Based on the pleadings, the trial court determined the Trust did everything within its power to comply with the City's order to demolish the Trust Property. The trial court noted the Trust's failure to comply with the condemnation order directly resulted from the City's refusal to enforce the notice to correct violations issued to Neighbor's Property. Notably, Neighbor refused to cooperate with the Trust in attempting to reach an agreement regarding the stabilization of the front wall of his property.

10

The City advised the Trust that it was responsible for stabilizing the front wall of Neighbor's Property and that it must proceed with demolition. Generally, the trial court acknowledged, the party demolishing the structure is responsible for any damages that may occur to a neighboring party. PMC §§8-107.3, 110.6.3. Nonetheless, the trial court observed that additional rules apply where, as here, the parties share a common wall. In particular, the trial court noted the PMC provides:

> Where it is determined in the judgment of the code official that the property abutting the property to be demolished is not of sufficient structural integrity to withstand the erection of a party wall in accordance with this §110.6.5, the requirements of this §110.6.5 will be waived until such time as the owner of said abutting property can make the property structurally sound.

PMC, §§8-107.3, 106.5(j).

Ultimately, the trial court determined the notice to correct violations issued to Neighbor's Property, combined with the engineering reports submitted by the Trust, provided the City with adequate notice that Neighbor's Property is structurally insufficient to withstand demolition and erection of a party wall. Therefore, given the City's one-sided enforcement of the PMC against the Trust, and the City's essential pardon of Neighbor's noncompliance with the notice to correct violations, the trial concluded the Trust had no other adequate remedy. Thus, the trial court reasoned, the Trust had no other option but to seek mandamus relief to compel the City to bring Neighbor's Property into compliance with the City's notice to correct violations in order to demolish the Trust Property.

11

## 5. Notice of Appeal; Statement of Errors

The City timely appealed the trial court's order granting the writ of mandamus.[1]  R.R. at 390.  In response, the trial court, pursuant to Pa. R.A.P. 1925(b), ordered the City to file a Concise Statement of Errors Complained of on Appeal.  Thereafter, the City filed the following Statement of Errors:

> 1. The Honorable Court erred in issuance of a Memorandum Opinion and Order that misstated the procedural record that the City had filed only one (1) document in this case, in the form of [P]reliminary Objections.
>
> 2. The Honorable Court erred in issuance of a Memorandum Opinion and Order that overlooked timely filings of the City, which included a Brief in Opposition to the Trust's preliminary objections to the City's preliminary objections and a Response to the Motion for Entry of order of Mandamus.
>
> 3. The Honorable Court erred in granting ultimate relief against a municipal body without an evidentiary hearing.
>
> 4. The Honorable Court erred in granting the Trust's requested ultimate relief of mandamus prior to the pleadings in the action being closed.
>
> 5. The Honorable Court erred in issuance off [sic] a Memorandum Opinion and Order that granted the Trust the ultimate relief it requested -- Mandamus -- that included the *collective errors* of (1) erroneous citation of the procedural history; (2) an apparent misapplication of legal term ("service"); and (3) a facial misstatement of the record, indicating the City filed only a single

---

[1] The City also filed a motion to stay, reconsider, and vacate the mandamus order.  See R.R. at 326a-335a.  The Trust filed a motion in response to the City's motion.  R.R. at 410a-425a.  In November 2014, the trial court issued an order stating it lacked jurisdiction to entertain the City's motion to stay as a result of the City's appeal.  R.R. at 458a.

12

document when in fact they timely made separate responsive filing [sic] to two (2) filings by the Trust.

6. The Memorandum Opinion and Order (the "Decision") granting relief in the form of mandamus was fatally flawed as a matter of law, authorizing a noncompliant landowner to effectively evict a neighbor living in an adjoining property.

7. The Honorable Court substituted its own judgment for a trained public official as to when, where and under what circumstance to condemn private property and remove a homeowner, all in the absence of an evidentiary hearing.

8. The Honorable Court erred in relying upon the Trust's proffered hearsay evidence without providing the City an opportunity to cross-examine the report's writer.

9. The Honorable Court erred as the City had a vested inherent right to have the entirety of the record considered by a Court.

10. The Honorable Court erred in its application of the provisions of the [PMC].

11. There is no admissible or admitted evidence in the record that the building is unfit for human occupancy.

12. The Honorable Court erred as the requisite elements for condemnation and removal of a property owner or resident [sic].

Tr. Ct., Slip Op., 11/13/14, at 3-4.

In its Rule 1925(a) opinion, the trial court addressed and dismissed these issues. In particular, the trial court noted it did not hold an evidentiary hearing because the City never requested one. The trial court also determined the City, by issuing the notice to correct violations to Neighbor's Property, found

Neighbor's Property to be unsafe or unfit for human occupancy. See Tr. Ct., Slip Op., 11/13/14, at 5-6. Therefore, the trial court determined it did not substitute its judgment for that of the City. Id. The City's appeal followed.[2]

## II. Discussion

## A. Argument

The City contends the trial court erred or abused its discretion in granting the Trust's request for a writ of mandamus following entry of a default judgment where the City's preliminary objections were filed and served prior to the Trust's praecipe for entry of default judgment. To that end, the City asserts the Trust filed a praecipe for entry of a default judgment *after* the City served preliminary objections challenging the Trust's right to proceed in mandamus. Therefore, the City argues, the trial court erred in directing the City to condemn the owner-occupied Neighbor's Property adjoining the long-condemned Trust Property.

In particular, the City asserts, the trial court disregarded a timely pleading by the City filed on the last day of the 10-day period to respond to the notice of default judgment (R.R. at 88a). On April 21, the City filed preliminary objections to the Trust's complaint for writ of mandamus (R.R. at 78a). Importantly, service of legal papers other than original process is complete by

---

[2] Our review in a mandamus action is limited to determining whether sufficient evidence supports the trial court's findings, and whether the trial court erred as a matter of law or abused its discretion. Phila. Firefighters' Union, Local 22, Int'l Ass'n of Firefighters, AFL-CIO ex rel. Gault v. City of Phila., 78 A.3d 16 (Pa. Cmwlth. 2013). As to questions of law, our review is plenary. Id. Our review of a trial court's grant of mandamus is *de novo*. Id.

14

mailing. Pa. R.C.P. No. 440(b). Thus, the City contends the trial court erred in determining the default judgment, entered April 22, 2014, preceded the filing and service of the City's preliminary objections on the Trust.

The City also argues the trial court abused its discretion by failing to weigh or consider the injustice to the City and its taxpayers in allowing the Trust, a private party, to dictate how and when City officials should exercise their discretion in citing property owners or condemning an owner-occupied home.

Also, Neighbor was not made a party to proceedings. As the owner of the property condemned by the writ of mandamus, Neighbor must be considered an indispensable party to the mandamus action concerning his Property.

Further, the City asserts it should be allowed to defend itself in this overly convoluted matter. It should be allowed to challenge the Trust's engineering reports and assess the numerous uncontested citations issued against the Trust over several years following the condemnation of the Trust Property.

In addition, contrary to the public interest, the trial court permitted a property owner, engaged in five-year old litigation with the neighboring property owner, to maneuver to win a secondary action against a local government and obtain what it could not obtain in the primary litigation. Again, the City asserts it should have been permitted to make this argument below.

15

Finally, the City argues the Trust has not been prejudiced, and justice does not lean toward its cause. Therefore, the City urges, we should reverse the trial court, vacate the order granting mandamus, and remand for further proceedings.

## B. Analysis

## 1. Validity of Default Judgment

The City's chief argument is that it timely served its preliminary objections to the Trust's complaint for mandamus on April 21, 2014, the last day of the Trust's 10-day notice of intent to enter a default judgment. As such, this rendered the prothonotary's entry of default judgment on the next day, April 22, void *ab initio* (invalid from the beginning). In support of its position, the City cites State Farm Insurance Co. v. Barton, 905 A.2d 993 (Pa. Super. 2006). There, the Superior Court, on review, observed the "rules of civil procedure authorize the prothonotary to enter a judgment of default upon receipt of the plaintiff's praecipe when the defendant has failed to file a pleading to the complaint within the required time. Pa. R.C.P. [No.] 1037(b)." Barton, 905 A.2d at 994. However, "[o]nce a responsive pleading is filed, even if untimely, a default judgment cannot thereafter be entered because the responding party is no longer in default." Id. at 995.

Preliminary objections constitute a pleading. Pa. R.C.P. No. 1017(a); Barton. "Accordingly, a defendant's filing of preliminary objections would inhibit the subsequent entry of a valid default judgment." Barton, 905 A.2d at 995 (citing

16

Vision Serv. Plan v. Pa. AFSCME Health & Welfare Fund, 474 A.2d 339 (Pa. Super. 1984)).

Therefore, because its preliminary objections preceded the Trust's praecipe for entry of default judgment, the City asserts the prothonotary had no legal authority to enter a default judgment. See Gotwalt v. Dellinger, 577 A.2d 623 (Pa. Super. 1990) (where it is established that the prothonotary entered judgment beyond his authority, said judgment entered is a nullity).

In McKelvey v. Colonial School District, 385 A.2d 1040 (Pa. Cmwlth. 1978), this Court affirmed a trial court's order opening a default judgment against a defendant school district in a mandamus suit directing that the district reinstate the plaintiff, a temporary employee, after it discharged her without reasonable notice of a hearing and an opportunity to be heard. Weighing the circumstances, we determined the balance tipped in favor of opening the judgment and remanding for further proceedings based on the peculiar actions of the parties' respective counsel and our disagreement with the trial court's treatment of the merits of the case.

We reach a similar conclusion here, albeit for different reasons. First, given the circumstances, we agree with the City that the trial court erred in upholding the entry of default judgment where the City filed preliminary objections prior to the entry of default judgment. As discussed above, the City filed preliminary objections to the Trust's mandamus complaint on April 21, 2014. The City's preliminary objections clearly show a date stamp of April 21, 2014.

17

R.R. at 77a-78a. Moreover, the attached certificate of service is also dated April 21, 2014, and it states that service was made by first-class mail. R.R. at 83a.

Pursuant to Pa. R.C.P. No. 440(b), service by mail of legal papers other than original process is complete upon mailing. Nevertheless, the trial court erroneously determined that the City served the Trust with its preliminary objections on April 23, 2014, apparently the date the pleading was received. See Tr. Ct., Slip. Op., 8/15/14, at 4.

In <u>Barton</u>, the Superior Court reversed a trial court's order permitting the entry of a default judgment where preliminary objections, although filed late, were not stricken before the default judgment was entered. As noted above, the Court reasoned:

> Once a responsive pleading is filed, even if untimely, a default judgment cannot thereafter be entered because the responding party is no longer in default. Preliminary objections constitute a pleading <u>See</u> Pa. R.C.P. [No.] 1017(a). Accordingly, a defendant's filing of preliminary objections would inhibit the subsequent entry of a valid default judgment.

<u>Barton</u>, 905 A.2d at 995 (citations omitted).

The Superior Court's rationale in <u>Barton</u> is equally applicable here. Although the City did not file its preliminary objections within 20 days of the Trust's filing of service of the complaint in mandamus, the City did file and serve by mail, its preliminary objections one day prior to the Trust's filing of its praecipe for entry of default judgment on April 22, 2014. Consequently, the City's April

18

21, 2014 filing of its preliminary objections to the mandamus complaint renders the default judgment invalid. <u>Barton</u>.

## 2. Merits of Mandamus Action

Further, as in <u>McKelvey</u>, we disagree with the trial court's treatment of the merits. First, we recognize that "[m]andamus is a high prerogative writ that is rarely used and <u>never where the plaintiff seeks to interfere with a public official's exercise of discretion</u>." <u>Seeton v. Adams</u>, 50 A.3d 268, 274 (Pa. Cmwlth. 2012) (emphasis added). However, mandamus is appropriate to compel a public official to perform acts which are required or obliged to be performed *and which do not involve an exercise of discretion or judgment*. <u>Id.</u> In <u>Seeton</u>, we explained:

> It is well settled that in a mandamus proceeding a court can compel a public official who is vested with discretionary power to exercise that discretion; but … *it cannot interfere with or control the official's discretion or judgment*. Expressed another way, <u>it is the discretion and judgment of the official … which prevails and not that of a court or a jury or a person aggrieved</u>; and a *Court cannot compel such official to exercise his discretion in a manner which will produce a result which the Court may deem wise or desirable*. (Emphasis by italics in original; emphasis by underline added.)

<u>Id.</u> (quoting <u>Maxwell v. Bd. of Sch. Dirs. of Sch. Dist. of Farrell</u>, 112 A.2d 192 195 (Pa. 1955)).

The trial court here granted a writ of mandamus directing the City to condemn the building on Neighbor's Property despite the lack of any determination by the City that the building is an inadequate, defective and unsafe

structure. To that end, the notice to correct violations did not state that Neighbor's Property was unsafe for habitation. See R.R. at 26a, 32a.

Rather, the trial court based this determination on engineering reports cited in the Trust's mandamus complaint, but the reports never introduced into evidence and were not tested by cross-examination. Given these circumstances, the trial court erred by encroaching on the City's authority and ordering the condemnation of Neighbor's Property. Seeton. In short, the purpose of mandamus is to enforce rights already clearly established, not to establish rights that did not exist. Tindell v. Dep't of Corr., 87 A.3d 1029 (Pa. Cmwlth. 2014). Therefore, mandamus is unavailable to condemn Neighbor's Property. Id.

In addition, the Trust failed to join Neighbor, whose residential building the trial court ordered condemned or repaired, as a party to the mandamus suit. In condemnation proceedings, the owner of the condemned property is an indispensable party. Nicoletti v. Allegheny Cnty. Airport Auth., 841 A.2d 156 (Pa. Cmwlth. 2004); Biernacki v. Redevelopment Auth. of the City of Wilkes Barre, 379 A.2d 1366 (Pa. Cmwlth. 1977). No court may grant relief in the absence of an indispensable party. Nicoletti. An indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing on those rights. Id. Neighbor, as the lawful owner and *occupant* of the building on the adjoining property, must be considered an indispensable party to a mandamus action seeking the condemnation of his home. Nicoletti; Biernacki. As such, the trial court lacked jurisdiction to award mandamus relief affecting Neighbor's Property. Id.

20

## III. Conclusion

Having determined the City's filing and service by mail of its preliminary objections to the Trust's complaint on April 21, 2014 rendered the Trust's default judgment invalid, we vacate the trial court's order granting a writ of mandamus; and, we remand this case for further proceedings on the parties' respective preliminary objections consistent with this opinion.

                                                    

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Buonarroti Trust         :
                                   :

          v.                 :    No. 1637 C.D. 2014
                                   :

City of Harrisburg Department of   :
Building and Housing Development,  :
Bureau of Codes Enforcement,     :
                  Appellant    :

## O R D E R

**AND NOW**, this 31st day of July, 2015, the order of the Court of Common Pleas of Dauphin County is VACATED and this case is **REMANDED** for further proceedings consistent with the foregoing opinion. Jurisdiction is relinquished.

 

                                  _____
                                  ROBERT SIMPSON, Judge