J-A17039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CORRADO DECANDIDO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANIEL NEVERETT AND SELECTIVE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| | : | |
| APPEAL OF: DANIEL NEVERETT | : | No. 109 EDA 2023 |

Appeal from the Order Entered December 6, 2022
In the Court of Common Pleas of Pike County
Civil Division at No(s):  2021-00380

BEFORE:   KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED NOVEMBER 8, 2023**

Appellant, Daniel Neverett, appeals from the order entered in the Pike County Court of Common Pleas, which denied his petition to open the default judgment entered in favor of Appellee, Corrado DeCandido.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On April 14, 2021, Appellee filed a complaint against Appellant.  In the complaint, Appellee alleged that he suffered injuries because of a motor vehicle accident caused by Appellant.  Appellant accepted service of the complaint on August 11, 2021, but he did not file an answer.  On September 1, 2021, Appellee served Appellant with notice of intent to enter a default judgment.  Appellee filed a *praecipe* to enter default judgment on September

_____

[*] Retired Senior Judge assigned to the Superior Court.

14, 2021.

On January 21, 2022, Appellant filed a petition to open the default judgment. In his petition, Appellant noted that Appellee's counsel was actively negotiating a settlement with Appellant's insurance provider between March 2020 and December 2021. Despite these negotiations, Appellant complained that Appellee did not notify Appellant's insurer "that a complaint was filed, or served, or that [Appellee] sought and obtained default judgment." (Petition to Open Default Judgment, filed 1/21/22, at ¶10). Under these circumstances, Appellant concluded that the court should open the default judgment.

On January 25, 2022, the court issued a rule to show cause order directing Appellee to explain why Appellant was not entitled to relief. Appellee filed a response on February 17, 2022. On March 24, 2022, Appellant requested oral argument. The court heard arguments on the matter on December 6, 2022. That same day, the court entered an order and opinion denying Appellant's petition to open the default judgment. Appellant timely filed a notice of appeal on January 5, 2023. On February 1, 2023, Appellant voluntarily filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant now raises two issues for this Court's review:

> Whether the trial court erred or abused its discretion in refusing to open a default judgment, when [Appellee's] counsel failed to notify [Appellant's] insurer, in the course of active and ongoing settlement negotiations with the insurer, that [Appellee] had filed a complaint and obtained a default judgment against [Appellant]?

Whether the form of the default judgment entered, stating "[Appellee] sustained all injuries which [Appellee] asserts and claims and that all [such] injuries … are lawfully caused by the subject motor vehicle accident," is improper insofar as it precludes both [Appellant] and the trial court from challenging [Appellee's] bald allegations regarding his injuries?

(Appellant's Brief at 3).

In his first issue, Appellant submits that he had a reasonable excuse for the delay in filing his petition to open. Specifically, Appellant asserts that he "had a reasonable basis to believe that his insurer, who was on notice of the potential claims against him, was meeting its obligations to defend his interests." (*Id.* at 19). Appellant complains that "the failure of [Appellee's] counsel to notify the carrier with whom he was engaged in settlement negotiations that [Appellee] commenced a lawsuit against [Appellant] is patently unreasonable." (*Id.* at 20). Upon receiving notice of the suit, Appellant emphasizes that his insurance company assigned counsel to defend Appellant, who filed the petition to open the default judgment within twenty days. Appellant also asserts that the petition "raised potential defenses to elements of [Appellee's] claims, including by challenging causation," which "amounts to a meritorious defense to a tort claim." (*Id.* at 28). Appellant concludes that the court erred in denying his petition to open the default judgment, and this Court must grant relief. We disagree.

"A petition to open a default judgment is an appeal to the equitable powers of the court." ***Smith v. Morrell Beer Distributors, Inc.***, 29 A.3d

23, 25 (Pa.Super. 2011) (quoting *Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa.Super. 2000)). "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Id.*

"If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Pa.R.C.P. 237.3(b)(2). Where a petition to open a default judgment is not filed within ten days after the entry of a default judgment, the movant must "(1) promptly file a petition to open judgment; (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer." *Reid v. Boohar*, 856 A.2d 156, 160 (Pa.Super. 2004). "[T]he trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." *US Bank N.A. v. Mallory*, 982 A.2d 986, 995 (Pa.Super. 2009).

With respect to the prompt filing of a petition to open, this Court "does not employ a bright line test." *Flynn v. America West Airlines*, 742 A.2d 695, 698 (Pa.Super. 1999). Courts focus on two factors: "(1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Id.* One

month or less between the entry of the default judgment and the filing of a petition for relief from the judgment typically meets the requirement for a prompt filing. *See Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa.Super. 2009). *See also US Bank N.A., supra* at 995 (comparing cases and finding 82-day delay between entry of default judgment and filing of petition for relief was not prompt).

> Generally speaking, a default attributable to a defendant's justifiable belief that his legal interests are being protected by his insurance company is excusable. However, if the insured fails to inquire of the insurer as to the status of the case after events have occurred which should have reasonably alerted the insured to a possible problem, the insured is precluded from asserting a **justifiable** belief that its interests were being protected.

*Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1210 (Pa.Super. 1993) (citations omitted) (emphasis in original).

Instantly, the trial court determined that Appellant did not promptly file his petition to open:

> Here, default judgment was entered against [Appellant] on or about September 14, 2021, and the petition to open was filed on January 21, 2022. Since the petition to open was filed a full 129 days after entry of default judgment, [Appellant's] only opportunity to open the default judgment requires that he show his petition was promptly filed, provide a meritorious defense, and present a legitimate excuse for the delay in filing, in accord with the three-prong test explained by the Superior Court in *Reid*. Since [Appellant] has failed to meet all three (3) prongs of the *Reid* test, we are persuaded that this petition to open does not satisfy the *Reid* requirements.
>
> The record reveals that a period of 129 days passed between entry [of] judgment and the filing of the petition to

open. Courts in this Commonwealth generally agree that one (1) month or less between entry of default judgment and filing a petition meets the requirement, given an acceptable reason for the delay.

(Trial Court Opinion, filed 12/6/22, at 2) (some capitalization omitted).

Although Appellant waited over four months before filing his petition to open, Appellant offers the excuse that he believed his insurance company was protecting his legal interests. We emphasize, however, that Appellant was served with the complaint and subsequent notice of Appellee's intent to seek default judgment. The notice of Appellee's intent to seek default judgment warned Appellant that: (1) he failed to enter an appearance personally or through an attorney; (2) he failed to file in writing with the court his defenses or objections to the claims in the complaint; (3) unless Appellant acted within ten days, a judgment might be entered against him without a hearing, and he may lose his property or other rights; and (4) he should take the notice to a lawyer at once. (**See** Notice, filed 9/1/21, at 1). Even after receiving the notice of the entry of the default judgment, Appellant still failed to take immediate action. Appellant's insurance company assigned counsel to defend Appellant "in early January 2022," but counsel was "unable to communicate with [Appellant]" prior to filing the petition to open the default judgment. (Petition to Open Default Judgment at ¶¶4, 5).

While Appellant now attempts to blame Appellee's counsel for the delays at issue, Appellant failed to take any steps to notify his insurer about the pending legal action. Under these circumstances, Appellant's belief that his

insurance company was protecting his interests was not justifiable. *See Duckson, supra*. Considering the length of the delay between the entry of the default judgment and Appellant's filing of the petition to open, as well as Appellant's lack of a sufficient excuse for the delay, the court acted within its discretion when it denied Appellant's petition. *See Smith, supra*; *U.S. Bank N.A., supra*. Accordingly, Appellant is not entitled to relief on his first claim.

In his second issue, Appellant complains that "[a]s entered by the prothonotary, the [terms of the] judgment relieve [Appellee] from having to prove the essential elements of his claim for damages, including causation." (Appellant's Brief at 30). Appellant maintains that "the language used in the judgment is improper, insofar as it precludes both [Appellant] and the trial court from challenging [Appellee's] bald allegations regarding his injuries." (*Id.* at 14). Appellant concludes that this Court must "strike the portions of the judgment that deprive [Appellant] and the trial court from challenging [Appellee's] proofs at any subsequent damages hearing or trial." (*Id.* at 30). We disagree.

Our rules of civil procedure govern the entry of a default judgment as follows:

> **Rule 1037. Judgment Upon Default or Admission. Assessment of Damages**
>
> \* \* \*
>
> (b)     The prothonotary, on *praecipe* of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which

contains a notice to defend or, except as provided by subdivision (d), for any relief admitted to be due by the defendant's pleadings.

(1) The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages.

Pa.R.C.P. 1037(b)(1).

"The rules of civil procedure authorize the prothonotary to enter a judgment of default upon receipt of the plaintiff's *praecipe* when the defendant has failed to file a pleading to the complaint." **State Farm Ins. Co. v. Barton**, 905 A.2d 993, 994 (Pa.Super. 2006). "A fatal defect on the face of the record denies the prothonotary the authority to enter judgment." **Roy by and through Roy v. Rue**, 273 A.3d 1174, 1182 (Pa.Super. 2022), *appeal denied*, ___ Pa. ___, 289 A.3d 43 (2022). "The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." **Id.** (quoting **Continental Bank v. Rapp**, 485 A.2d 480, 483 (Pa.Super. 1984)). "In such instances [where a fatal defect is apparent,] a prothonotary will be held to have lacked the authority to enter default judgment and the default judgment will be considered void." **State Farm Ins. Co., supra** at 994.

Here, the *praecipe* to enter default judgment included the following language:

[Appellant] is liable to [Appellee], that [Appellee] sustained all injuries which [Appellee] asserts and claims and that all

- 8 -

> injuries which [Appellee] asserts and claims are lawfully caused by the subject motor vehicle accident.

(*Praecipe* to Enter Default Judgment, filed 9/14/21, at 1).

While Appellant complains about the language of the default judgment, he fails to assert that Appellee did not follow the procedures mandated by law for the taking of the default judgment. ***See Roy, supra***. Moreover, the wording of the judgment is not so broad as to prevent a trial on the issue of damages, as required by our rules of court. ***See*** Pa.R.C.P. 1037(b)(1). Contrary to Appellant's assertions, he still possesses the opportunity to challenge the nature and extent of Appellee's injuries at the trial on damages. Based upon the foregoing, we decline Appellant's invitation to modify the language contained in the judgment. Accordingly, we affirm the order denying the petition to open the default judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/8/2023