IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marcus Profic,                          :
                    Appellant           :
                                        :   No.  1164 C.D. 2017
          v.                            :
                                        :   Submitted:  July 27, 2018
Berks County District                   :
Attorney's Office                       :


*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                    FILED:  August 15, 2018


          Marcus Profic (Appellant) appeals, *pro se*, from the June 15, 2017 order
of the Court of Common Pleas of Berks County (trial court) denying his petition for
writ of mandamus and/or extraordinary relief.[1]

          The following facts are garnered from the trial court's opinion and the
original record in this matter.  On January 8, 2017, Appellant, an inmate at the State
Correctional Institution – Mahanoy, submitted a request under the Right-to-Know Law
(RTKL)[2] with the Berks County District Attorney's Office (DA) for records related to
the guilty plea and sentencing transcript for a January 23, 2007 trial court proceeding

---

[1] The trial court's order was dated June 15, 2017, but not entered into the record until the
following day.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

in the matter of *Commonwealth v. Hernandez*, CP-06-CR-0002443-2004.[3]  By letter dated January 18, 2017, the DA denied Appellant's RTKL request, stating that it did not possess any responsive records.[4]  Appellant filed a timely appeal with the Office of Open Records (OOR).  The OOR invited both parties to supplement the record.  The DA submitted a position statement, along with an affidavit from Alisa Hobart, Esquire, its Open Records Officer, stating that a search was conducted and the hearing that was the subject of Appellant's request was not transcribed; therefore, no records existed in the DA's possession.  Relying upon this affidavit, the OOR denied Appellant's appeal.

Appellant subsequently filed an appeal with this Court,[5] but we transferred the matter to the trial court by order dated March 28, 2017.[6]  Nevertheless, on May 11, 2017, Appellant filed his petition for writ of mandamus and/or extraordinary relief with the trial court.  In this petition, Appellant described his RTKL request and the proceedings leading up to the OOR's final determination denying his appeal.  Appellant alleged that, by saying that the records do not exist, the DA is denying him access to the courts.  Appellant also alleged that he and other individuals attempted to obtain the records on his behalf and were willing to pay for the same, but all of these attempts

---

[3] In its brief, the DA notes that Ceferino Hernandez was a confession witness who testified against Appellant during Appellant's murder trial.  (DA's Brief at 3.)  Appellant believes that Hernandez fabricated the story of Appellant's murder confession in order to obtain favorable relief on pending criminal charges.

[4] Appellant had previously sought to obtain the requested records directly from the trial court. However, by order dated November 14, 2016, the trial court denied his request.

[5] Appellant's appeal to this Court actually consisted of a petition for writ of mandamus and/or extraordinary relief that was directed to the trial court.

[6] In this order, we noted that Appellant was appealing a determination of the OOR relating to a local agency's denial of access to public records and, as such, the appeal should have been filed with the trial court in accordance with section 1302(a) of the RTKL, 65 P.S. §67.1302(a).  *See Profic v. Berks County District Attorney's Office* (Pa. Cmwlth., No. 322 C.D. 2017, filed March 28, 2017).

were unsuccessful. Appellant sought an order directing the trial court to transcribe the hearing and provide him with a copy of the transcript. The DA filed an answer reiterating that a transcript of the hearing as requested by Appellant does not exist. The DA noted that the RTKL does not require an agency to create a record that does not otherwise exist and that two different judges of the trial court had denied Appellant's request for transcription. Shortly thereafter, the trial court issued its June 15, 2017 order denying Appellant's petition.

On August 2, 2017, Appellant filed an appeal with this Court, which again was captioned as a petition for writ of mandamus and/or extraordinary relief. By order dated September 5, 2017, the trial court directed Appellant to file a concise statement of errors complained of on appeal. The original record does not include such a filing by Appellant. Nevertheless, on October 20, 2017, the trial court issued an opinion in support of its order. The trial court noted that two other judges had denied Appellant's request for transcription, once in connection with the *Hernandez* criminal proceedings and again in connection with Appellant's own criminal case. With respect to the latter, the trial court noted that the denial was based upon Appellant's failure to detail the relevance of the requested transcript. Additionally, the trial court noted that during Appellant's criminal trial, Hernandez was extensively questioned regarding his own pending charges and the possible favorable treatment he might receive in exchange for his testimony against Appellant.

Further, the trial court noted that Appellant had specifically raised an allegation that Hernandez fabricated testimony in order to receive favorable treatment on pending criminal charges in his fourth Post Conviction Relief Act (PCRA)[7] petition, which was dismissed by the PCRA court and then affirmed by our Superior Court.

[7] 42 Pa.C.S. §§9541-9546.

Moreover, the trial court noted that it contacted the court reporter to determine the length of the notes of testimony requested by Appellant and was informed that all notes of testimony for all court actions filed before 2010 had been destroyed in a purging process. Hence, the trial court concluded that it was now impossible for anyone to grant Appellant's request.

On appeal to this Court,[8] Appellant argues that he has a common law right of access to public judicial records and that the DA should not be permitted to hide and falsify the existence of the requested records. However, before we reach the merits of Appellant's arguments, we must address the DA's contention that Appellant's appeal should be quashed as untimely. We agree with the DA.

Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 903(a) provides that a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." In this case, the trial court's order denying Appellant's petition for writ of mandamus and/or extraordinary relief was dated June 15, 2017, and entered on the docket the following day. Thus, Appellant had 30 days from June 16, 2017, or until July 17, 2017, since July 16 fell on a Sunday, to file his appeal. However, Appellant did not file his appeal with this Court until August 2, 2017, more than two

---

[8] The matter that we transferred to the trial court related to Appellant's appeal of a final determination of the OOR denying his appeal. Our scope of review where, as here, the common pleas court is the reviewing court, is limited to determining whether the trial court committed an error of law and whether the findings of fact are supported by substantial evidence. *Office of the District Attorney of Philadelphia v. Bagwell*, 155 A.3d 1119, 1123 (Pa. Cmwlth. 2017). To the extent that the trial court was rendering a decision on Appellant's petition for mandamus, we note that our scope of review in a mandamus action is limited to determining whether the trial court abused its discretion or committed an error of law, or whether sufficient evidence exists to support the trial court's findings. *Philadelphia Firefighters' Union, Local 22 v. City of Philadelphia*, 78 A.3d 16, 19 (Pa. Cmwlth. 2013).

4

weeks beyond the 30-day deadline, thereby rendering Appellant's appeal untimely.[9] Hence, we are constrained to quash Appellant's appeal.

Even if not quashed, we note that Appellant's appeal would fail. The OOR credited the affidavit of Attorney Hobart, the DA's Open Records Officer, stating that the hearing that was the subject of Appellant's request was not transcribed. Further, as the trial court noted in its October 20, 2017 opinion, even if the hearing had been transcribed, the court reporter advised that all notes of testimony for all court actions filed before 2010, which includes the January 23, 2007 guilty plea and sentencing transcript sought by Appellant, had been destroyed in a purging process.

Accordingly, for the reasons stated above, Appellant's appeal is quashed as untimely.

---

[9] We note that Appellant's appeal, which consisted of a revised version of his original petition for writ of mandamus and/or extraordinary relief, was only signed by Appellant on July 26, 2017, nine days after expiration of the 30-day deadline.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marcus Profic,                        :
                    Appellant         :
                                      :   No.  1164 C.D. 2017
        v.                            :
                                      :
Berks County District                 :
Attorney's Office                     :


***PER CURIAM***

## ***ORDER***


      AND NOW, this 15th day of August, 2018, the appeal of Marcus Profic is hereby quashed as untimely.