Frank J. Paterra, Thomas W. Griffith and Anthony P. McGrew, Appellants *v.* Charleroi Area School District, Appellee.

452

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

 

*Thomas J. Terputac*, for appellants.

*Melvin B. Bassi*, with him *John E. Costello*, for appellee.

OPINION BY JUDGE ROGERS, December 30, 1975:

Three citizens and taxpayers of the Charleroi Area School District filed a pleading denominated complaint in equity in which they described actions of the School Board of that district with respect to a meeting conducted on September 18, 1974 which the plaintiffs alleged was held and conducted in violation of the Act of July 19, 1974, P.L. 486, 65 P.S. §261 et seq., popularly known

as the Sunshine Law. The injunctive relief[1] requested was that the School Board be restrained from holding further meetings in alleged violation of the Act, and the declaratory relief sought was that the actions taken at the meeting in question be declared void and of no effect. The sole defendant named in the complaint was the Charleroi Area School District. No school director was served or appeared.

We learn from an order of the court below which appears in the record that the defendant district filed preliminary objections. These are not in the record certified to us and we find no mention of them in the docket entries. Whether they included a petition raising the defense of the failure to join a necessary party we do not know. The court below dismissed the preliminary objections "pro forma" in order to get speedily to the merits and set the case down for hearing although the defendant had not filed an answer.

After trial, the court below refused all relief sought by the plaintiffs and dismissed the complaint. The court's action was based on its conclusion that no formal Board action was scheduled or taken at the September 18, 1974 meeting and that it was not, therefore, required to be open to the public. Section 2 of the Act of July 19, 1974, 65 P.S. §262.

Because the case presents an early opportunity to explore and construe the so-called Sunshine Law, which has been the subject of speculation and concern to many interested in Pennsylvania government, we are, as was the court below, tempted to decide the issues on the merits. We may not do so because necessary parties to the action have not been joined as defendants.

As noted, only the School District was named as defendant. The complaint describes actions of the School Board and injunctive relief is sought against the Board.

---

1. The plaintiffs did not seek a preliminary injunction.

It is fundamental that persons whose interests will necessarily be immediately affected by any decree that can be rendered are so necessary and indispensable as parties that the court will not proceed to a decree without them. *Hanna v. Chester Times*, 303 Pa. 252, 154 A. 591 (1931). Obviously, a decree enjoining the named defendant could not be effective to restrain members of the School Board not parties to the action.[2] We add further that the School District, while an agency of the Commonwealth,[3] is not an agency as defined in, and for the purposes of, the Act of July 19, 1974, Section 1 of which, 65 P.S. §261, pertinently defines the agency as the "school board or school governing body."

The plaintiffs also seek declaratory relief in the form of a judgment that the actions of the Board assertedly taken at the September 18, 1974 meeting were invalid. Among the actions assertedly then taken were the appointment of persons in positions of employment, including at least one Temporary Professional Employee. Section 9 of the Act of July 19, 1974, 65 P.S. §269, refers to the jurisdiction of courts "to render declaratory judgments or to enforce this Act, by injunction or other remedy deemed appropriate by the Court." We do not construe this section, which is primarily concerned with jurisdiction, as dispensing with the requirements of the Act of June 18, 1923, P.L. 840, *as amended*, 12 P.S. §831 et seq., relating to declaratory judgments. Among these is that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." Section 11 of the Act of June 18, 1923, P.L. 840, *as amended*, 12 P.S. §841. Obviously,

---

2. *See Frushon v. Pittston Area School District*, 8 Pa. D. & C. 2d 165 (1955).

3. *Wilkinsburg Borough v. Wilkinsburg Borough School District*, 365 Pa. 254, 74 A.2d 138 (1950).

the employes which might be affected by the declaratory judgment sought were necessary parties. So also, again, were the School Directors.

Since, because of the deficiencies in the pleadings and process described, the plaintiffs were not entitled to the relief sought the order below refusing that relief must be affirmed. We are not so clear on the subject of what we should do with the lower court's dismissal of the complaint. That order was expressly based on the court's view of the merits, which we have not reviewed. The matters referred to in this opinion would be the subject of preliminary objections. The defendant filed preliminary objections not in the record before us which the court dismissed "pro forma." We are not entirely clear as to what was intended by this action. Further, the dismissal of preliminary objections is ordinarily interlocutory and not subject to review. We have finally concluded that we should vacate the court's action dismissing the complaint and should remand the case, here repeating our conclusion that the plaintiffs are not entitled on their present pleading to any of the relief sought therein.

The order of the court below refusing relief is affirmed; its order dismissing the complaint is vacated and the record remanded.