502

## Annenberg Estate

Before Pawelec, *A.J.*, Silverstein, Jamison, Klein and Shoyer, *JJ.*

*William C. Bullitt, John C. Garner, Philip A. Bregy, Cuthbert H. Latta, William White, Martin A. Heckscher, Robert E. Smith,* and *Minturn T. Wright, III, guardian ad litem,* p.p., in support of preliminary objections.

*Benjamin R. Jones, William H. Henrich, Jr., John R. Latourette, H. Ober Hess, Edmund L. Harvey, Jr., John J. Lombard, Jr., guardian ad litem,* p.p., and *Walter E. Nelson, Jr.,* in opposition to preliminary objections.

KLEIN, *C.J.*, December 21, 1977—Moses L. Annenberg died July 20, 1942, leaving a will dated May 24, 1940, and a codicil dated July 7, 1942, which were admitted to probate by the Register of

Wills of Philadelphia County, who granted letters testamentary to decedent's son, Walter H. Annenberg, the executor and trustee named in the will.

Decedent left to survive him his wife, Sadie C. Annenberg, and eight children: Walter H. Annenberg, Esther Simon, Jeanette Nefsky (now Janet A. Hooker), Pearl Levee (now Polly A. Levee), Eva Haupt (now Enid A. Haupt), Leah Hazen (now Lita A. Hazen), Evelyn Friede (now Evelyn A. Hall), and Harriett Ames. Decedent's wife died in 1965. All of his children are living except Harriett Ames, who died July 27, 1976.

Decedent's daughter, Enid A. Haupt, is 71 years of age. In 1930, she adopted Pamela Enid Nusbaum in Cook County, Illinois. Pamela is 48 years of age and has a son, David Nusbaum, who is 13 years of age.

Decedent's daughter, Esther A. Simon, is 76 years of age. On May 24, 1938, she adopted Stephen Anthony Simon in the Surrogate Court of New York County, New York. Stephen is 40 years of age and has four children, David Friendly Simon, Daniel Annenberg Simon, James Lee Simon and Adam Simon, all of whom are minors.

The first and final account of Walter H. Annenberg, executor, was confirmed by adjudication of Bolger, *J.*, dated July 12, 1943, and supplemental adjudication dated July 30, 1943. Pursuant to these adjudications certain of decedent's assets were awarded to Walter H. Annenberg, as trustee, and these assets have been administered by the trustee from the date of Judge Bolger's award.

On March 1, 1977, Walter H. Annenberg filed his first account as trustee with the Clerk of the Orphans' Court Division. This account is now awaiting audit.

Mr. Annenberg also filed a petition for declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, 12 P.S. §831 et seq., upon which a citation issued directed to all parties in interest who are of age and sui juris.

On May 11, 1977, John J. Lombard, Jr., was appointed guardian ad litem for minors who are natural issue of Moses L. Annenberg, and trustee ad litem for any persons now unborn or otherwise unascertained having a possible interest in decedent's estate as his natural issue. On the same date, Minturn T. Wright, III, was appointed guardian ad litem of the natural children of Pamela Enid Nusbaum, adopted daughter of Enid A. Haupt, and Stephen Anthony Simon, adopted son of Esther A. Simon, and trustee ad litem for any persons now unborn or unascertained having a possible interest in decedent's estate, as natural children of Stephen Anthony Simon and Pamela Enid Nusbaum.

The testator gave all of his stock in The Cecelia Company (later Triangle Publications, Inc.) to his son, Walter H. Annenberg, in trust, and provided in paragraph III B of his will, as amended by paragraph IX of his codicil and in paragraph III C of his will, that:

"B. The dividends upon and income of the said stock received by the said Trustee, after payment therefrom of the expenses of this trust, shall be paid and distributed by the said Trustee as follows:

"All sums up to Two Hundred Thousand ($200,000.00) Dollars in any and all calendar years to or for the use of my said wife, Sadie C. Annenberg, during her life, and the balance, or upon the death of my said wife, Sadie C. Annenberg, the full sums, to or for the use of my son, Walter H. Annenberg and my daughters, Esther Simon, Jeanette

Nefsky, Pearl Levee, Ena Haupt, Leah Hazen, Evelyn Friede and Harriett Ames, in equal shares and in the event of the death of any of my said children, *the lineal descendants* of such deceased child shall receive the share and interest of such deceased child in any payments made after such death, per stirpes and not per capita. (Emphasis supplied.)

"C. The said Trustee shall hold and administer said trust estate until the death of the last survivor of my wife, SADIE C. ANNENBERG, my son, WALTER H. ANNENBERG, my daughters, ESTHER SIMON, JEANETTE NEFSKY, PEARL LEVEE, ENA HAUPT, LEAH HAZEN, EVELYN FRIEDE and HARRIETT AMES; and, upon the death of the last survivor of said persons, the said Trustee shall distribute the property and funds then held in said trust to *my lineal descendants* at that time living, per stirpes and not per capita." (Emphasis supplied.)

Petitioner in his petition for declaratory judgment alleges, inter alia:

"7. That the terminology used by decedent. . . relating to the distribution of continuing trust income upon the death of the children of the decedent to the 'lineal descendants' of such children of the decedent, and upon the death of the survivor of the children of the decedent the distribution of principal to his then living 'lineal descendants', has given rise to most probable antagonistic claims between the children adopted by the children of the decedent and blood line children of decedent's children; between a child of the decedent, Enid A. Haupt, and her adopted child, Pamela Enid Nusbaum, and has created grave uncertainties among the children of the decedent in the planning of their respective estates.

"8. That the trust assets being administered by your petitioner are substantial and significant (total 1976 trust income alone was in excess of $7 million), in the over-all estate planning to be accomplished by the children of the decedent, who range in age from sixty-five to seventy-five.

"9. That all of the children of the decedent, except Esther A. Simon and Enid A. Haupt, have living a natural child or natural children, and all of decedent's children are anxious to achieve some degree of certitude as to what should be done in their individual estate plans by way of gifts, will provisions, or trusts for the benefit of their respective families. In making such determinations it is important for each of them to know whether their children or grandchildren are to be the beneficiaries of a continuing trust interest calculated at one-sixth (if the adopted children of Esther A. Simon and Enid A. Haupt are excluded from the designation of 'lineal descendants'), one-eighth (if said adopted children are included in the designation of 'lineal descendants'), or nothing, as to the adopted children of Esther A. Simon and Enid A. Haupt if adopted children are excluded from the designation 'lineal descendants.' "

Petitioner alleges in paragraphs 10 and 11 of his petition that short of an unnatural catastrophe it is a strong mathematical certainty that Pamela Enid Nusbaum or David Nusbaum, or both, will survive Enid A. Haupt and Stephen Anthony Simon or one of his children will survive Esther A. Simon.

Paragraph 12 of the petition states: "12. That your petitioner, on his behalf and on behalf of his surviving sisters, other than Esther Simon, avers that (a) when decedent used the words 'lineal descendants' in his will they constituted an expressed

intention to exclude any adopted child or children or issue thereof from participating or receiving any beneficial interest in the trust created thereunder; and (b) that their joint testimony on this point at this time, rather than to delay deciding the issue to a time when some of them are no longer available, will be meaningful to your Honorable Court in making a fully informed decision."

Petitioner concludes by requesting the court to issue a citation directed to all parties in interest to show cause why the will of Moses L. Annenberg should not be construed at this time by this court so as to exclude from any beneficial interest of any kind thereunder any person or persons who may have been or may hereafter be adopted by any one of the blood descendants of Moses L. Annenberg, and to limit the beneficial interests thereunder to blood descendants of Moses L. Annenberg.

The citation requested was issued in due course and served upon the parties in interest.

Stephen Anthony Simon, the adopted child of Esther A. Simon, filed preliminary objections to the petition for declaratory judgment in which he avers, inter alia, that:

"1. *OBJECTION IN THE NATURE OF A DE-MURRER:* The Petition fails to conform with the requirements of the Uniform Declaratory Judgments Act (12 Pa. R.S. §831 et seq.) in each of the following respects: a. No actual controversy exists between contending parties; b. No antagonistic claims are present between the parties which indicate imminent and inevitable litigation between them; c. No party presently asserts that a legal relation, status, right, or privilege exists in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status,

right, or privilege by an adversary party who also has or asserts a concrete interest therein; d. The issuance of a declaratory judgment or decree will not serve to terminate any uncertainty or controversy which has given rise to this proceeding."

The preliminary objections also allege that petitioner has no standing; that the petition fails to state a claim upon which relief can be granted; and several other reasons for its dismissal.

Preliminary objections were also filed by Pamela E. Nusbaum which raise substantially the same reasons for dismissal of the petition as those set forth in the objections filed by Stephen Anthony Simon.

Answers to both preliminary objections were filed by John J. Lombard, Jr., and Minturn T. Wright, III, guardians and trustees ad litem. An answer was filed by Walter H. Annenberg, the petitioner, to the preliminary objections of Pamela Enid Nusbaum. He also filed an answer to the preliminary objections filed by Stephen Anthony Simon which was joined by his sisters, Polly A. Levee, Lita A. Hazen, Enid A. Haupt (adoptive mother of Pamela Enid Nusbaum), Evelyn A. Hall and Janet A. Hooker, and the issue of Harriett A. Ames, who is deceased, being Steven Ames and Dana Ames Grossman. Esther A. Simon, who adopted Stephen Anthony Simon, did not join in this answer.

## ALL PARTIES WHO COULD BE AFFECTED BY THE JUDGMENT ARE NOT BEFORE THE COURT

Section 11 of the Uniform Declaratory Judgments Act, 12 P.S. §841, as amended, provides in pertinent

part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . ." See: Mains v. Fulton, 423 Pa. 520, 224 A. 2d 195 (1966); Carlsson v. Penna. General Ins. Co., 417 Pa. 356, 207 A. 2d 759 (1965); Paterra v. Charleroi Area School District, 22 Pa. Commonwealth Ct. 451, 349 A. 2d 813 (1975); Pleasant Township v. Erie Ins. Exchange, 22 Pa. Commonwealth Ct. 307, 348 A. 2d 477 (1975).

A study of the record discloses that Mr. Lombard was appointed guardian and trustee ad litem solely for the natural issue of Moses L. Annenberg and Mr. Wright was appointed solely for the natural issue of Pamela Enid Nusbaum and Stephen Anthony Simon, the previously adopted grandchildren. Any persons who may be adopted in the future by any natural or adopted descendant of Moses L. Annenberg are not represented on the record at this time.

Mr. Wright contends that as a judgment in this case would affect parties who are not presently before the court, we must either (1) dismiss the petition for failure to comply with section 11 of the Uniform Declaratory Judgments Act, or (2) direct counsel for the trustee to petition for the appointment of a guardian and trustee ad litem to represent the interests not represented at this time.

We agree with Mr. Wright but we think dismissing the petition would be a harsh and unnecessarily delaying act. Accordingly, we direct counsel for petitioner to file within 15 days with the administrative judge of the division a petition for the appointment of a guardian and trustee ad litem for any persons who may be adopted in the future by any

natural or adopted descendants of Moses L. Annenberg.

## DISCRETIONARY NATURE OF DECLARATORY JUDGMENTS

Granting of a declaratory judgment is discretionary with the court of original jurisdiction. In Keystone Ins. Co. v. Warehousing and Equipment Corp., 402 Pa. 318, 165 A. 2d 608 (1960), the court said at p. 320:

"Notwithstanding the broad language of the Declaratory Judgments Act, they are not, and practical experience and realities have demonstrated that they should not be a matter of right, but a matter initially for the sound discretion of the lower Court. In the leading case of Eureka Casualty Company v. Henderson, 371 Pa. 587, 92 A. 2d 551, this Court, speaking through Chief Justice Stern, said (pages 591-592): 'We start with the fundamental proposition that whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion. . . . "'This discretionary character of the judicial process in such actions has been consistently proclaimed by this court ever since declaratory judgments first came into being: Kariher's Petition (No. 1), 284 Pa. 455, 471, 131 A. 265, 271; Carwithen's Estate, 327 Pa. 490, 494, 194 A. 743, 745; Capital Bank and Trust Company's Petition, 336 Pa. 108, 111, 6 A. 2d 790, 792; Kahn v. William Goldman Theatres, Inc., 341 Pa. 32, 35, 17 A. 2d 340, 341; Schoenbrun v. Nettrour, 360 Pa. 474, 477, 61 A. 2d 868, 869.' " See also: Greenberg v. Blumberg, 416

Pa. 226, 206 A. 2d 16 (1965), and section 6 of the Uniform Declaratory Judgments Act, 12 P.S. §836.

## EXTENSION OF USE OF DECLARATORY JUDGMENTS

The Supreme Court has drastically liberalized the law in Pennsylvania with respect to declaratory judgments.* In Friestad v. Travelers Indemnity Company, 452 Pa. 417, 306 A. 2d 295 (1973), Mr. Chief Justice Jones pointed out the spotted and rather chaotic line of cases dealing with declaratory judgments and disavowed a long line of decisions holding that a declaratory judgment proceeding would not lie if another available remedy existed. The new rule is that if a remedy is specifically provided by statute, it must be pursued; if, on the other hand, there is another available remedy not statutorily created, whether such remedy is legal or equitable, it *is only one factor* to be weighed by the court in its discretionary determination of whether a proceeding for a declaratory judgment would lie.

The existence of a disputed factual question has heretofore been held to limit the court's discretion in the exercise of its declaratory judgment jurisdiction. This impediment was removed by the Supreme Court in Liberty Mutual Ins. Co. v. S.G.S. Co., 456 Pa. 94, 318 A. 2d 906 (1974), in which the

---

*For a splendid exposition of the liberalization of the Pennsylvania law of declaratory judgments see the opinion of Shoyer, J., dated June 30, 1977, in Pew Memorial Trust, 5 D. & C. 3d 630 (1977).

court specifically ruled that the existence of a factual question does not divest a court of discretion in permitting a declaratory judgment action.

## DESIRABILITY OF PRESENTATION OF FACTS TO COURT

In view of the marked trend toward liberalizing the use of declaratory judgments, we are satisfied that the averments in the petition before us meet the requirements of the Uniform Act, and that this court can and should exercise its discretion in determining whether or not the prayer of the petition should be granted. Furthermore, it follows logically that the intelligent exercise of the court's discretion requires that it have before it all of the known facts in the case.

In The Musical Fund Society of Philadelphia, 73 D. & C. 2d 115, 120 (1975), we reaffirmed a principle with respect to preliminary objections which is firmly imbedded in our practice. We said: "We have often expressed reluctance to dispose of litigation upon preliminary objections, as experience has convinced us that the ends of justice are best served when the parties are given full opportunity to present the complete factual situation to the court. . . ."

The new rule permitting the granting of a petition for declaratory judgment even in situations where factual issues may be in dispute, strongly reenforces our fixed policy of not determining whether a petition should be granted until all of the facts are before the court.

## OTHER REASONS FOR DISMISSING PRELIMINARY OBJECTIONS

The primary reason for filing this petition for a

declaratory judgment was to ascertain whether the use by the testator of the words "lineal descendants" bars the adopted children and their issue from ultimately participating in the distribution of this estate. Our Supreme Court has in recent years made radical changes in the law on this subject, starting with Tafel Estate, 449 Pa. 442, 296 A. 2d 797 (1972). Subsequent Supreme Court decisions have done little to clarify the rule in Tafel, nor have they eliminated the need for determining the intent of the testator to include or exclude adoptees. It still remains extremely difficult for persons to undertake intelligent estate planning without guidance when some of testator's issue have adopted children.

Other factors that should be considered are that the trust estate before us is a substantial one, the income for the year 1976 being in excess of seven million dollars, and that the testator's surviving children are of advanced age, ranging from 66 to 76 years.

Under the circumstances of this case, we are of the opinion that it is extremely important for the complete factual situation concerning the family and their estates to be before the court before we make any determination whether the prayer of the petitioner seeking a declaratory judgment should be granted.

Accordingly, we enter the following

## DECREE

The preliminary objections to the petition for declaratory judgment are all dismissed.

Leave is given to the parties to file answers on the merits within 30 days of the date of this decree.

514

Petitioner is directed to file a petition with administrative Judge Pawelec within 15 days of the date of this decree for the appointment of a guardian and trustee ad litem for any persons who may be adopted in the future by any natural or adopted descendants of Moses L. Annenberg.