## Sportsman's League v. Fazzoni

*Oliver N. Hormell,* for plaintiffs.
*Anthony J. Seneca,* for defendants.

RODGERS, *J.,* February 22, 1983 — Plaintiffs in this action for declaratory judgment ask the court to declare that defendant, the sheriff of Washington County, is illegally charging the sum of five dollars for the issuance of a license to a person "to carry a firearm in a vehicle or concealed on or about his person within this Commonwealth for not more than one year from the date of issue, if it appears that the applicant has good reason to fear an injury to his person or property, or has any other proper reason for carrying a firearm, and that he is a suitable person to be so licensed". 18 C.P.S.A. §6109(a). (Pennsylvania Uniform Firearms Act).

Plaintiffs claim that the maximum fee that the defendant sheriff may charge for issuing such a license is two dollars and fifty cents, and that in the event the applicant exhibits a resident hunter's license issued to him for the current license year, the maximum charge is two dollars. Plaintiffs asked for a judgment against defendant sheriff and an order requiring the sheriff to refund the sum of two dollars and fifty cents to plaintiffs, Neil Berola, Fawcett, Kveder and Tilton; and the sum of three dollars to plaintiffs, Slosky and Reese.

For reasons hereinafter stated, the relief requested is denied and the complaint dismissed.

The original complaint was filed only by the Washington County Sportsmen League, a non-profit corporation, ostensibly on behalf of all members of sportsmen's clubs in Washington County, and on behalf of all persons who have made, presently making or will be making an application to the sheriff of Washington County to carry a concealed firearm on his person in accordance with the provisions of the Uniform Firearms Act.

Defendant filed preliminary objection challenging the standing of the plaintiff to bring this action. Defendant's preliminary objection was upheld, and by agreement the individual plaintiffs who have paid the contested charge of five dollars were added as plaintiffs in the amended complaint.

The parties, by their counsel, at the time of hearing stipulated to the facts. It was agreed that the paragraphs of the amended complaint in which plaintiff, Washington County Sportsmen League, purported to act on behalf of a class were stricken, and the only relief requested is on behalf of the individual plaintiffs.

The parties agree that the sheriff is entitled to charge a fee of fifty cents to be paid into the County Treasury in accordance with the provisions of 18 C.P.S.A. §6109 (c). The parties also agree that the fee of fifty cents will not be charged if the applicant exhibits a resident hunter's license issued to him for the current license year, as stated in the foregoing statute.

Plaintiffs admit that the sheriff is also entitled to make a charge of two dollars under the provisions of the Act of April 28, 1978, P.L. 99, 16 P.S. §11301(k) "for issuing and recording any license, two dollars, in addition to the license fee, payable to the County or Commonwealth, to be paid by the licensee."

Plaintiffs claim that the two dollar charge for

issuing of a license in the Sheriff's Fee Bill of 1978 remains in effect by reason of the "savings clause" of 42 Pa. C.S. §1725, which reads as follows:

"Existing Fees and Charges Continued.

"§42(A) of Act 1976, July 9, P.L. 585, provides as follows:

'All existing fees and charges and all fees and charges hereafter fixed by statute or pursuant to existing statutory authority shall continue in effect until superseded by fees and charges fixed pursuant to 42 Pa. C.S. §1725 (relating to establishment of fees and charges).' "

Defendant argues that the provisions of 16 P.S. §11301 are no longer in effect, that the provisions of section 1725 of the Judicial Code, 42 Pa. C.S. §1725 are not applicable to the administrative processing charge here involved, and that if section 1725 is applicable, the county of Washington as the "governing authority" has ratified the charge by accepting the fees paid to the County by the sheriff, and that the five dollar charge is reasonable for the administrative costs involved.

Plaintiffs contend that the issue of whether the charge is reasonable is not relevant; that the sheriff can make no charge in the absence of specific statutory authorization; and that if the County Commissioners are the "governing authority" they have not properly enacted such charge.

The relief sought is an order directing the sheriff to make refunds to the individual plaintiffs. The sheriff, however, is required by the law and the Constitution of the Commonwealth to pay over all such charges to the County of Washington, Pa. Const. Art. IX §4. 16 P.S. §11011-12, Limitations on payments says this:

"§11011-12. Limitations on payments

(a) The county officers shall be paid only the sala-

ry provided herein for services performed for the county or any other governmental unit: Provided however, That this restriction shall not apply to those county officers receiving a salary as executive and administrative officers of institution districts existing in their counties.

(b) All fees and commissions received in the conduct of any county office shall be paid directly to the county. Fees shall not be deemed to include reimbursement for mileage."

Refunds in this matter, therefore, may be required to be made by the County of Washington, and not by the sheriff. The procedure to be followed by the plaintiffs is specified by the Act of June 21, 1957, P.L. 381, 72 P.S. §5566b and 72 P.S. §5566c, which say this:

"Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort, license fees, penalties, fines or any other moneys to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and verified claim for the refund of the payment are hereby directed to make, out of budget appropriations of public funds, refund of such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled. Refunds of said moneys shall not be made, unless a written claim therefor is filed, with the political subdivision involved, within two years of payment thereof."

"In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes, license fees, penal-

ties, fines or other moneys to which the political subdivision is not legally entitled then the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, subject to the limitation herein provided, by instituting an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located."

In the case at bar, there is no evidence that any of the plaintiffs filed a written claim with the County of Washington within two years of payment, nor that the county refused to refund such license fees after such demand.

In any event, it is clear that the failure of the plaintiffs to make the County of Washington a party to this proceeding is fatal to their cause of action. The County of Allegheny, et al. v. Commonwealth of Pennsylvania, et al., Pa. Commw. 1983 453 A.2d 1085; Paterra v. Charleroi Area School District, 22 Pa. Commw. 451, 349 A.2d 813 (1975).

## DECREE NISI

And now, this February 22, 1983, plaintiffs' request for relief is denied, and the action for declaratory judgment is dismissed.