IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Prozan,                          :
                    Appellant         :
                                      :
          v.                          :
                                      :    No. 645 C.D. 2023
Millcreek Township School District    :    Submitted: June 6, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                            FILED: July 16, 2024


          Troy Prozan (Prozan) appeals from the May 19, 2023 order of the Court
of Common Pleas of Erie County (trial court) sustaining the demurrer filed by the
Millcreek Township School District (School District) and dismissing his amended
complaint with prejudice.  Upon review, we vacate and remand with instructions.


                          **I. Background**

          In April 2022, Prozan filed suit (the Mask Lawsuit)[1] in the trial court
against the School Board[2] for the School District, seeking removal of the members
of the board on the basis that they had refused or neglected their duty to follow the

---

[1] The Mask Lawsuit is referred to by the parties in their respective pleadings as *Prozan v. Millcreek Township School District Board of School Directors*, docket number 10937-2022.

[2] "The public school system of the Commonwealth shall be administered by a board of school directors, to be elected or appointed, as hereinafter provided."  Section 301 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 to 27-2702, (School Code), 24 P.S. § 3-301.

law by enacting a policy requiring the wearing of protective face-mask coverings at school during the COVID-19 pandemic. Original Record (O.R.) at 95. Prozan also requested an order barring the School Board directors from holding office for five years and declaring illegal the School Board's face-mask policy. *Id.* The trial court dismissed the Mask Lawsuit, and Prozan appealed to this Court. *Id.* at 94. On October 10, 2022, the School Board filed a cross-appeal, challenging the denial of its request for attorney fees. *Id.*; *see also* Reproduced Record (R.R.) at 145a. Prozan received a copy of the cross-appeal. *Id.* at 13a.

Meanwhile, the School Board held several executive sessions and public meetings in September 2022 and October 2022. R.R. at 112a-13a. The School Board announced that two of the executive sessions concerned personnel issues and the Mask Lawsuit. *Id.* at 32a & 39a. In mid-November, several committees of the School District held meetings, the agendas for which did not include the Mask Lawsuit. *Id.* at 74a-81a & 114a. Prozan alleges that official action authorizing the filing of the cross-appeal in connection with the Mask Lawsuit should have been taken in one of the public meetings. *See id.* at 112a-14a.

In November 2022, Prozan filed a complaint with the trial court, seeking a declaration that the School District violated Section 704 of the Sunshine Act,[3] 65 Pa.C.S. § 704,[4] by taking official action to authorize the filing of a cross-

---

[3] 65 Pa.C.S. §§ 701-716.

[4] Pursuant to Section 704 of the Sunshine Act,

> [o]fficial action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed under [S]ection 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered).

appeal in connection with the Mask Lawsuit outside of a meeting open to the public, and Section 712.1(a) of the Sunshine Act, 65 Pa.C.S. § 712.1(a),[5] by taking official action to file the cross-appeal where the proposed action was not identified in a public agenda. R.R. at 11a & 16a. Further, Prozan requested that the trial court declare the School District's cross-appeal[6] void under Section 713 of the Sunshine Act, 65 Pa.C.S. § 713,[7] and permanently enjoin the School District from proceeding further in the litigation. *Id.* at 11a. Prozan also asserted entitlement to attorney fees and costs pursuant to Section 714.1 of the Sunshine Act, 65 Pa.C.S. § 714.1, on the basis that the School District willfully or with wanton disregard violated the act. *Id.* The School District filed preliminary objections, asserting that Prozan should have

_____

65 Pa.C.S. § 704.

[5] Section 712.1(a) provides that

> [e]xcept as provided in subsection (b), (c), (d) or (e), [delineating exceptions pertaining to emergency business, businesses arising within 24 hours before a meeting, business arising during a meeting and changes to agendas,] an agency may not take official action on a matter of agency business at a meeting if the matter was not included in the notification required under section 709(c.1) (relating to public notice).

65 Pa.C.S. § 712.1(a).

[6] Prozan erroneously averred that the School District, rather than the School Board, filed the cross-appeal. *See* R.R. at 11a (asking the "[c]ourt to declare that the [School] District's [n]otice of [a]ppeal is void" because the alleged official "actions occurred during meetings that were not open to the public").

[7] Section 713 of the Sunshine Act provides, in pertinent part, that "[s]hould the court determine that [a] meeting did not meet the requirements of this chapter, it may in its discretion find that any or all official action taken at the meeting shall be invalid." 65 Pa.C.S. § 713.

3

joined the seven individual School Board directors as indispensable parties,[8] that the trial court lacked subject matter jurisdiction and that an adequate remedy existed at law. *See id.* at 83a-86a. The School District also demurred to Prozan's complaint, contending that Prozan failed to state a claim for declaratory relief, that the Sunshine Act did not govern the actions of the seven individual School Board directors, and that the decision to file the cross-appeal did not constitute "official action" necessitating a public meeting under the Sunshine Act. *Id.* at 87a-90a.

On December 28, 2022, Prozan filed an amended complaint, requesting only a declaration that the School District violated Sections 704 and 712.1 of the

---

[8] The School District titled its first preliminary objection, "Motion to Dismiss Complaint for Failure to Join Indispensable Parties." R.R. at 83a. In support of this objection, the School District asserted that "Pennsylvania Rule of Civil Procedure [Civil Rule] 1028 permits a defendant to file a preliminary objection in the nature of a motion to dismiss when a complaint fails to join an indispensable party." (citing Pa.R.Civ.P. 1028(a)(5)). Inconsistently, the School District further contended that "Prozan . . . failed to join at least seven *necessary* parties[.]" R.R. at 84a (emphasis added).

"Necessary parties are distinct from indispensable parties." *William Penn Sch. Dist. v. Pa. Dep't of Educ.*, 294 A.3d 537, 873-74 (Pa. Cmwlth. 2023) (Cohn Jubelirer, P.J.) (single-judge op.). "[A] necessary party is one whose presence, *while not indispensable*, is essential if the court is to resolve completely a controversy and to render complete relief." *Podolak v. Tobyhanna Twp. Bd. of Supervisors*, 37 A.3d 1283, 1289 (Pa. Cmwlth. 2012) (citation omitted) (emphasis added). Whereas "failure to join an indispensable party is jurisdictional and cannot be waived, . . . [b]y contrast, [n]onjoinder of a necessary party must be raised in preliminary objections, an answer, or a reply or will be considered waived." *William Penn Sch. Dist.*, 294 A.3d at 874 (citing Pa.R.Civ.P. 1032(a).

Civil Rule 1028(a)(5) provides that "[p]reliminary objections may be filed by any party to any pleading" on the basis of, *inter alia*, "nonjoinder of a *necessary* party," and includes no reference to *indispensable* parties. Pa.R.Civ.P. 1028(a)(5) (emphasis added). Nevertheless, this Court has held that the "[f]ailure to join an indispensable party is an authorized preliminary objection under [Civil Rule] 1028(a)(5)." *Keller v. Scranton City Treasurer*, 29 A.3d 436, 441 (Pa. Cmwlth. 2011).

Sunshine Act, 65 Pa.C.S. §§ 704 and 712.1, and an award of attorney fees and costs. *See* R.R. at 111a & 117a.

The School District demurred to the amended complaint, contending that Prozan failed to state a claim under the Sunshine Act on the basis that the Mask Lawsuit erroneously named the School Board directors as defendants in their individual capacities when the Sunshine Act's open meeting requirements apply to government agencies and, therefore, did not govern the individual decisions of the respective School Board directors to file the cross-appeal. *See* R.R. at 185a. On May 19, 2023, the trial court issued an order sustaining the School District's demurrer and dismissing Prozan's amended complaint with prejudice.[9] Prozan's Br., App. B, Trial Ct. Order, 5/19/23. In an accompanying opinion, the trial court concluded, *sua sponte*, that Prozan failed to state a claim under the Sunshine Act, because "filing a cross-appeal is a matter of litigation which falls under the exception to Sunshine Act's public meeting mandate." Prozan's Br., App. A, Trial Ct. Op., 5/19/23 at 5.

Prozan appealed to this Court.

---

[9] "[A] demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; [the court] must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020) (citation and quotation marks omitted). "[T]he question presented by [a] demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005). "In addition, courts reviewing preliminary objections may not only consider the facts [pleaded] in the complaint, but also documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007).

## II. Issues

Before this Court,[10] Prozan argues that the trial court erred in concluding that Section 708(a)(4) of the Sunshine Act, 65 Pa.C.S. § 708(a)(4), permitted the School District to take official action authorizing the filing of a cross-appeal in the Mask Lawsuit outside of a public meeting. *See* Prozan's Br. at 16 & 19-20 (citing Section 704 of the Sunshine Act, 65 Pa.C.S. § 704 ) (providing that "[o]fficial action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed under section 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered)"). Further, Prozan contends that the trial court erred in *sua sponte* sustaining the School District's demurrer on the basis that filing a cross-appeal is a matter of litigation which falls under the exception to the Sunshine Act's public meeting mandate under Section 708 of the Sunshine Act, 65 Pa.C.S. § 708, when that argument was absent from the School District's demurrer. *Id.* at 17. Prozan insists that the trial court's dismissal of his amended complaint undermined the right of the general public to "witness" the decision of the School District to expend thousands of taxpayer dollars by filing an appeal. *Id.* at 19-20 (citing Section 702(a) of the Sunshine Act, 65 Pa.C.S. § 702(a) (declaring the General Assembly's "find[ing] that the right of the public to be present at all

---

[10] "When reviewing a trial court order sustaining a preliminary objection in the nature of a demurrer, we are limited to determining whether or not the trial court abused its discretion or committed an error of law." *Bologna v. St. Marys Area Sch. Bd.*, 699 A.2d 831, 833 (Pa. Cmwlth. 1997) (citation omitted).

Further, we recognize that a party seeking to prove a violation of the Sunshine Act must "overcome the presumption of regularity and legality that obtains in connection with proceedings of local agencies." *Kennedy v. Upper Milford Twp. Zoning Hearing Bd.*, 834 A.2d 1104, 1123 (Pa. 2003).

meetings of agencies and to witness the deliberation, policy formulation and decisionmaking of agencies is vital to the enhancement and proper functioning of the democratic process")). Accordingly, Prozan seeks reversal of the trial court's decision sustaining the School District's demurrer and dismissing his amended complaint with prejudice. *Id.* at 24. Prozan also requests that this Court remand the matter to the trial court to conduct further proceedings regarding his request for attorney fees, asserting that the School District willfully or wantonly disregarded the public meeting requirement under the Sunshine Act. *See id.* at 25-27 (citing Section 714.1 of the Sunshine Act, 65 Pa.C.S. § 714.1).[11]

The School District counters that the School Board's decision to file a cross-appeal in connection with the Mask Lawsuit outside of a public meeting did not violate the Sunshine Act, because Prozan fails to establish that the School Board's decision to file the cross-appeal constituted "official action" under Section 703 of the Sunshine Act, 65 Pa.C.S. § 703. *See* School District's Br. at 10-11. Further, the School District questions why Prozan did not challenge the School District's filing of the demurrer as constituting "official action" necessitating authorization by means of a public vote. *Id.* at 15 n.3 (quoting Section 703 of the Sunshine Act, 65 Pa.C.S. § 703). Moreover, the School District emphasizes that the School Board only became involved in the Mask Lawsuit because Prozan filed suit. *Id.* at 13. The School District declares that accepting Prozan's "radical expansion of the Sunshine Act" would "hamstring public-agency litigants across the Commonwealth and effectively grind public-sector litigation to halt," as "[h]is

---

[11] Section 714.1 of the Sunshine Act provides, in pertinent part, that "[i]f the court determines that an agency willfully or with wanton disregard violated a provision of this chapter, in whole or in part, the court shall award the prevailing party reasonable attorney fees and costs of litigation or an appropriate portion of the fees and costs." 65 Pa.C.S. § 714.1.

position would require a public meeting and a public vote by a quorum of the agency every time a solicitor file[d] a document in a courthouse—even any time the attorney carries out *research* for the public entity." *Id.* at 14-15 (citing Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1) (providing for a presumption "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable"). The School District also asserts that the trial court did not *sua sponte* dismiss Prozan's amended complaint on the basis of Section 708 of the Act, 65 Pa.C.S. § 708, as the School District "fully briefed that dispositive issue in its reply brief before the trial court." *Id.* at 9 (citing R.R. at 223a-24a).

In reply, Prozan maintains he "does not argue that every legal document (say, for example, a praecipe to attach a document) is required to be first voted on during a public meeting"; rather, Prozan contends "that a document *initiating* litigation or an appeal must be voted upon during a public meeting." Reply Br. at 8.

### III. Discussion

Prozan contends that the trial court erred in determining that he failed to state a claim under the Sunshine Act that the School District's authorization of the filing of the cross-appeal in connection with the Mask Lawsuit constituted "official action" which should have been taken during an open meeting. *See* Prozan's Br. at 16-21 (citing Sections 704 & 708(a)(4), (c) of the Sunshine Act, 65 Pa.C.S. §§ 704 & 708(a)(4), (c)). However, Prozan filed the Mask Lawsuit against the *School Board*, and the *School Board* filed the cross-appeal forming the basis of Prozan's Sunshine Act claim. *See* O.R. at 95; R.R. at 145a. Further, Prozan attached minutes and agendas from meetings held by the School Board to both his initial and amended

8

complaints in support of his assertion that the School District should have authorized the filing of the cross-appeal during one of the identified public meetings.[12] *See id.* at 32a-41a & 122a-41a. More critically, a school district, though an agency of the Commonwealth, does not constitute an agency for purposes of the Sunshine Act.[13] *See Paterra v. Charleroi Area Sch. Dist.*, 349 A.2d 813, 815 (Pa. Cmwlth. 1975) (footnote omitted). Rather, the pertinent agency is the School Board, in that Section 703 of the Sunshine Act defines an "agency" as including, *inter alia*, a "school board . . . ." 65 Pa.C.S. § 703.

Here, the School District objected to Prozan's initial complaint on the basis that the seven individual School Board directors were indispensable parties, such that Prozan's failure to join the directors required dismissal. *See* R.R. at 83a-84a. However, the School District did not reassert that objection in response to Prozan's amended complaint. *See* R.R. at 87a-90a; *see also* Pa.R.Civ.P. 1028(c)(1) (stating that "[a] party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended

---

[12] Prozan also attached minutes from meetings held by several committees for the School District. *See* R.R. at 74a-82a & 114a-22a.

[13] "Official action and deliberations by a quorum of the members of an *agency* shall take place at a meeting open to the public unless closed under section 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered)." Section 704 of the Sunshine Act, 65 Pa.C.S. § 704; *see also* Section 702(a) of the Sunshine Act, 65 Pa.C.S. § 702(a) (declaring the finding of the General Assembly "that the right of the public to be present at all meetings of agencies and to witness the deliberation, policy formulation and decisionmaking of agencies is vital to the enhancement and proper functioning of the democratic process").

pleading as of course,[14] the preliminary objections to the original pleading shall be deemed moot"); *Hionis v. Concord Twp.*, 973 A.2d 1030, 1036 (Pa. Cmwlth. 2009) (citing *Freeze v. Donegal Mut. Ins. Co.*, 470 A.2d 958, 960 n.5 (Pa. 1983) (explaining that "[a]n amended complaint has the effect of eliminating the prior complaint")). Nevertheless, as this Court has made clear,

> [t]he failure to join an indispensable party deprives the court of subject matter jurisdiction. *Huston v. Campanini*, . . . 346 A.2d 258 ([Pa.] 1975). In the interest of justice, Pennsylvania law allows this objection to be raised at any time during the proceedings, *even on appeal*. Pa. R.[Civ.]P. [] 1032; [15] *DeCoatsworth v. Jones*, . . . 639

---

[14] Here, the School District filed preliminary objections to Prozan's initial complaint on December 9, 2022, and Prozan filed the amended complaint on December 28, 2022. *See* R.R. at 82a & 107a.

[15] Rule 1032 of the Pennsylvania Rules of Civil Procedure provides as follows:

> (a) A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, *the defense of failure to join an indispensable party*, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.
>
> > *Note*: Subdivision (a) accommodates developing law with respect to defenses or objections which cannot be waived.
>
> (b) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction or that the indispensable party be joined, but if that is not possible, then it shall dismiss the action.

Pa.R.Civ.P. 1032 (emphasis added).

A.2d 792 ([Pa.] 1994); *Reifsnyder v. Pittsburgh Outdoor Advertising Co.*, . . . 152 A.2d 894 ([Pa.] 1959); *In Re Patterson's Estate*, . . . 19 A.2d 165, 166 ([Pa.] 1941) ("The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved . . . ."); *Moskowitz's Registration Case*, . . . 196 A. 498 ([Pa.] 1938); *In Re Simpson's Estate*, . . . 98 A. 35, 38 ([Pa.] 1916) ("It is never too late to attack a judgment or decree for want of jurisdiction. That question is always open."). The question of jurisdiction over the subject matter may even be raised *sua sponte* by the court. *Huston*; *Tigue v. Basalyga*, . . . 304 A.2d 119, 120 ([Pa.] 1973) (Failure to join an indispensable party "goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*.").

"[I]f all necessary and indispensable parties are not parties to an action in equity, the court is powerless to grant relief." *Huston*, . . . 346 A.2d at 259; *Biernacki v. Redevelopment [Auth.] of the City of Wilkes-Barre*, . . . 379 A.2d 1366 ([Pa. Cmwlth.] 1977). An order of the court rendered in the absence of an indispensable party is null and void. *Columbia Gas [Transmission Corp. v. Diamond Fuel Co.*, 346 A.2d 788 (Pa. 1975)]. "Such a judgment is entitled to no authority or respect, and is subject to impeachment in collateral proceedings at any time by one whose rights it purports to affect." *Moskowitz's*, . . . 196 A. at 502. When the absence of an indispensable party is determined, it is incumbent upon the court to dismiss. [Pa.R.Civ.P.] 1032(b).

*Church of Lord Jesus Christ of Apostolic Faith, Inc. v. Shelton*, 740 A.2d 751, 755-56 (Pa. Cmwlth. 1999) (footnote omitted) (emphasis added); *see also Strasburg Scooters, LLC v. Strasburg Rail Rd.*, Inc., 210 A.3d 1064, 1069 (Pa. Super. 2019) ("rais[ing] [the] issue [of nonjoinder of an indispensable party] even though the parties and trial court did not"); *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 28-29 (Pa. Super. 2015) (citation omitted) (holding that "[t]he failure to join an

11

indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction").

Here, the School Board is an indispensable party to the present litigation. Moreover, the School District has no "right or interest" in Prozan's claim, as it "is not an agency as defined in, and for the purposes of, the [Sunshine Act.]" *Paterra*, 349 A.2d at 815.

This Court considered a nearly identical scenario in *Paterra*. In that case, three citizens and taxpayers of a school district (plaintiffs) filed suit against the *school district*, alleging that the *school board* for the school district conducted a meeting in violation of the *former* Sunshine Law.[16] *Paterra*, 349 A.2d at 814. The school district filed preliminary objections, which the trial court overruled "'pro forma'[17] in order to get speedily to the merits[.]" *Id.* at 814-15. The matter proceeded to trial, after which the trial court refused the injunctive and declaratory relief[18] sought by the plaintiffs and dismissed the complaint. *Id.* at 815. On appeal, this Court held as follows:

> Because the case presents an early opportunity to explore
> and construe the so-called Sunshine Law, which has been
> the subject of speculation and concern to many interested
> in Penns[y]lvania government, we are, as was the court

---

[16] Act of July 19, 1974, P.L. 486, as amended, *formerly* 65 P.S. §§ 261-269, repealed by the Act of July 3, 1986, P.L. 388.

[17] "Pro forma," meaning "for form" in Latin, refers to that which is "[m]ade or done as a formality and not involving any actual choice or decision." *Pro forma*, BLACK'S LAW DICTIONARY (11th ed. 2019, Westlaw).

[18] The plaintiffs requested that the trial court enjoin the school board from holding further meetings in violation of the Sunshine Law and declare void the actions taken at the allegedly unlawful meeting. *See Paterra*, 349 A.2d at 814.

below, tempted to decide the issues on the merits. We may not do so because necessary parties to the action have not been joined as defendants.

As noted, only the [s]chool [d]istrict was named as defendant. The complaint describes actions of the [s]chool [b]oard and injunctive relief is sought against the [b]oard. It is fundamental that persons whose interests will necessarily be immediately affected by any decree that can be rendered are so necessary and indispensable as parties that the court will not proceed to a decree without them. *Hanna v. Chester Times*, . . . 154 A. 591 ([Pa.] 1931). Obviously, a decree enjoining the named defendant could not be effective to restrain members of the School Board not parties to the action. We add further that the School District, while an agency of the Commonwealth, is not an agency as defined in, and for the purposes of, the Act of July 19, 1974, Section 1 of which, [*formerly*] 65 P.S. § 261,[19] pertinently defines the agency as the 'school board (or) school governing body.'

*Paterra*, 349 A.2d at 815. In light of the plaintiffs' failure to join the school board as an indispensable party, this Court affirmed the trial court's denial of the relief requested by the plaintiffs. *See id.* at 815. Further, we vacated the trial court's dismissal of the plaintiffs' claim and remanded the matter to the trial, "conclu[ding] that the plaintiffs [were] not entitled on their present pleading to any of the relief sought therein." *Id.* at 816.[20]

---

[19] We note that although this Court decided *Paterra* under the prior version of the Sunshine Act, the referenced portion of the former definition of "agency" remains unchanged in the current Sunshine Act. *See Paterra*, 349 A.2d at 815; *see also* Section 703 of the Sunshine Act, 65 Pa.C.S. § 703 (defining the term "agency" to include, *inter alia*, a "school board, [or] school governing body . . .").

[20] In *Paterra*, the trial court noted that the record on appeal did not contain the school district's preliminary objections, which the trial court dismissed "pro forma." *See Paterra*, 349 A.2d at 814-15. Here, the trial court did not dismiss the School District's preliminary objection to Prozan's initial complaint asserting nonjoinder of indispensable parties (the seven individual School Board directors); rather, the trial court did not consider that objection as the School District

Like the plaintiff in *Paterra*, here, Prozan named the *School District* as sole defendant in his amended complaint, which was predicated on the *School Board's* alleged violations of the Sunshine Act.[21] *See Paterra*, 349 A.2d at 815. Further, as observed in *Paterra*, school boards, not school districts, constitute agencies for purposes of the Sunshine Act.[22] *See id.* Thus, Prozan's failure to name the School Board, an indispensable party, as a defendant in his amended complaint deprived the trial court of subject matter jurisdiction over the action. *See id.* at 815-16; *see also Shelton*, 740 A.2d at 755-56.

Accordingly, we vacate the May 19, 2023 order of the trial court and remand the matter to the trial court with instructions to dismiss Prozan's amended complaint without prejudice. *See Paterra*, 349 A.2d at 815-16; *Orman v. Mortgage I.T.*, 118 A.3d 403, 406-08 (Pa. Super. 2015)[23] (citing Pa.R.Civ.P. 1032 and vacating a grant of summary judgment entered by the trial court in the absence of subject

---

filed only a demurrer to Prozan's amended complaint. *See* Pa.R.Civ.P. 1028(c)(1); *Hionis*, 973 A.2d at 1036. However, as explained above, the failure to join an indispensable party constitutes a jurisdictional issue, which a court may raise *sua sponte* at any time, even on appeal. *See Shelton*, 740 A.2d at 755-56.

[21] Despite asserting that the School District took official action outside of an open meeting to authorize the filing of the cross-appeal in connection with the Mask Lawsuit, Prozan recounts various public meetings and executive sessions held by the School Board, attaching minutes and agendas from these meetings as exhibits to both his initial and amended complaints, and maintains that the disputed official action should have occurred at one of these public meetings. *See* R.R. at 112a-14a & 116a.

[22] *See supra* note 19.

[23] "Although Superior Court cases are not binding on this Court, such cases may offer persuasive precedent where they address analogous issues." *Goshen Valley III Condo. Ass'n v. Messick*, 299 A.3d 1064, 1067 n.3 (Pa. Cmwlth. 2023) (citing *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 679 n.20 (Pa. Cmwlth. 2021)).

14

matter jurisdiction where the appellant failed to join an indispensable party and remanding to the trial court with instructions to enter an order dismissing the appellant's complaint without prejudice); *see also Columbia Gas*, 346 A.2d at 789-90 (vacating the decree of the trial court and dismissing the complaint "without prejudice to the right of [the] appellee to institute a new action wherein all necessary and indispensable parties are made parties to the action"); *Huston*, 346 A.2d at 259 (vacating the decree of the trial court, holding that "the [trial court] should have dismissed the complaint without prejudice instead [of] entering an adjudication and decree on the merits" where "necessary and indispensable parties were not parties to the action").

## IV. Conclusion

Accordingly, the May 19, 2023 order of the trial court is vacated and this matter is remanded to the trial court with instructions to dismiss Prozan's amended complaint without prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

Judge Wallace did not participate in the decision in this case.

15

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Prozan,
               Appellant

       v.

Millcreek Township School District

             :
             :
             :
             :
             :   No. 645 C.D. 2023
             :

## **O R D E R**

AND NOW, this 16th day of July, 2024, the May 19, 2023 order of the Court of Common Pleas of Erie County (trial court) is VACATED, and this matter is REMANDED to the trial court with instructions to dismiss without prejudice the amended complaint filed by Troy Prozan on December 28, 2022.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge